PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
JESSICA A. MASSEY
ARIN C. HEINZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00213-ADA-BAM |
|---|---|
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER; ORDER |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

2. Defendant Charles Barrett is charged with two counts of aggravated sexual abuse and one count of abusive sexual contact during a several-day span in 2016. Indictment, ECF 1, at 1-2. As the government indicated at a status conference on January 10, 2023, law enforcement collected two cellular phones belonging to victim K.G. during the investigation (the "Victim's Phones"). Minutes of Jan. 11 Status Conf., ECF 33. Defendant has indicated during recorded calls from Fresno County Jail that exculpatory information may be found on one or more of the phones. *Id.* However, the Victim's

STIPULATION FOR PROTECTIVE ORDER; PROTECTIVE ORDER

1

Phones also contain a significant amount of information in which K.G. carries a significant privacy interest and which is of no relevance to this matter.  *See Riley v. California*, 573 U.S. 373, 395, 401 (2014) (noting that individuals who carry cell phones use them to record "nearly every aspect of their lives—from the mundane to the intimate," and generally requiring warrant to authorize search of cellular phone during law enforcement investigation).

3. Counsel for both parties therefore desire to enter into a Stipulation protecting Defense Counsel's ability to access potential exculpatory information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and decisions applying *Brady*, while recognizing the legitimate privacy interests of K.G.

General Provisions Relating to the Protection of Information

4. By signing this Stipulation and Protective Order, Defense Counsel agree not to disseminate any of the contents on the Victim's Phones to anyone other than designated defense investigators and support staff.  Defense Counsel may discuss the contents of the Victim's Phones with the defendant, but not provide the defendant with copies of any contents acquired via the Defense Review Protocol in this Stipulation and Order.

5. The contents of the Victim's Phones may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been destroyed at the conclusion of the case.

6. Defense Counsel will store any contents of the Victim's Phones they acquire in a secure place and will use reasonable care to ensure that they are not disclosed to third persons in violation of this agreement.

7. Defense Counsel shall be responsible for advising his or her respective client, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8. In the event that the defendant substitutes counsel, undersigned Defense Counsel agree to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

9. Should either party attempt to reveal any contents of the Victim's Phones at trial (whether

by introducing any of the contents as evidence, disclosing the contents through a witness' testimony, impeaching a witness by specifying the contents, or in any other manner), counsel for that party shall provide notice to the Court and opposing counsel in the fashion specified for evidence offered pursuant to Federal Rule of Evidence 404(b), specifically by following the notice provisions of Rule 404(b)(3).

Defense Review Protocol

10. Forensic extractions of the Victim's Phones will remain in the physical custody of the United States Attorney's Office (USAO). Defense Counsel shall have access to the phones at either the Fresno or Bakersfield offices of the USAO, as requested by Defense Counsel.

11. A staff member of the USAO will be present during any review of the Victim's Phones to ensure Defense Counsel's compliance with the terms of this Stipulation and Order. However, the staff member shall not view any search terms, review parameters, or information revealing the nature of review by Defense Counsel.

12. Defense Counsel are entitled to print, copy, and retain any of the contents of the Victim's Phones, subject to the limitations of this Stipulation and Protective Order.

IT IS SO STIPULATED.

Dated: 1/18/2023

PHILLIP A. TALBERT
United States Attorney

MICHAEL G. TIERNEY
JESSICA A. MASSEY
ARIN C. HEINZ

MICHAEL G. TIERNEY
JESSICA A. MASSEY
ARIN C. HEINZ
Assistant United States Attorneys

Dated: 1/18/2023

/s/ TIMOTHY P. HENNESSEY
    DAVID A. TORRES

TIMOTHY P. HENNESSEY
DAVID A. TORRES
Counsel for Defendant
CHARLES BARRETT

The stipulation for a protective order in *United States v. Barrett*, Case No. 1:22-CR-00213-ADA-BAM is approved.

IT IS SO ORDERED.

Dated: **January 19, 2023**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE