

**SEBASTOPOL POLICE DEPARTMENT**
6850 LAGUNA PARK WAY   SEBASTOPOL, CA 95472   707-829-4400
**NARRATIVE**

Page 2

17-0020

CONTROLLED DOCUMENT - NOT TO BE DUPLICATED

On Saturday, 1-7-17, at approximately 0733 hours, I was dispatched to a report of a subject attempting to break into the residence of _____. The suspect was reported to be Charles Barrett. The reporting party and victim was _____.

I had prior knowledge of the ongoing situation between Barrett and _____ based on the following:

The previous evening (1-6-17), _____ had come to the Sebastopol Police department in fear for her safety because Barrett, her ex-boyfriend, was at the residence refusing to leave and she did not feel safe to go home. During that incident, I confirmed that the two were never cohabitants at the residence and that Barrett had no right to be there. I also learned that Barrett had previously been taken into protective custody pursuant to 5150 W&I by this agency on 12-8-16 at the aforementioned residence.

Officer Murphy, Reserve Officer Andrews, and I went to the residence, determined that Barrett had left the area, and cleared the call.

Upon my arrival to work on 1-7-17, Officer Bauer advised me that throughout the night, he and Reserve Officer Andrews responded to _____ address at least two additional times for similar conduct, including her report that Barrett was physically attempting to break into her house. On one of those calls, Officer Bauer saw Barrett. Barrett committed a violation of 148(a)(1) PC against Officer Bauer and fled. Officers were unable to locate Barrett (see SPD case #17-0019).

Based on my knowledge of Barrett's aforementioned conduct, I felt that it was important to catch him on this call, and arrest him if possible. While en route, Dispatch advised me that she could hear over the phone _____ yelling at Barrett to leave her alone. Based on the call, Dispatch advised that she believed Barrett was actively attempting to force entry through the back of the residence. Officer Levesque and I responded and parked on nearby Redwood Avenue. We approached the residence on foot from the front.

Upon arrival, I saw Barrett standing in front of the residence. At that time, I did not know the subject was Barrett because I had never met him before. I quickly asked if he was "Charles." He lied and said he was not. He claimed he was "just passing through." Even though I found this suspicious, my main priority at that time was to make sure Barrett was not at the rear of the residence breaking in. I immediately went to the back of the house and saw that there was nobody there. Based on this, I radioed for Officer Levesque to make contact with the subject I had just seen as I suspected he was Barrett. Officer Levesque radioed back that he had the subject in restrained detention.

I went back to the front of the house. There, I saw that Officer Levesque had placed Barrett in handcuffs. Officer Levesque confirmed Barrett's identity using his ID card.

When asked, Barrett indicated that he lied about his identity because he was "trying to go home." Barrett was later determined to be homeless so this statement was pure balderdash.

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 407 | GINN, DAVID F. | 01/07/2017 | 413 | BELLIVEAU, NICOLAS | 01/07/2017 |
| ☑ BODY CAMERA RECORDED | | | | | |

**GOVERNMENT'S EXHIBIT**
**7**
1:22-CR-00213-ADA-BAM


CONTROLLED DOCUMENT - NOT TO BE DUPLICATED

Since Barrett had obstructed and delayed me in the performance of my duties by lying about his identity, he had been in violation of 148(a)(1) PC. Since he had been loitering on her private property without a lawful purpose with the intent to commit crime should the opportunity arise, he was in violation of 647(h) PC. I arrested him.

I knocked on the front door of the residence and met with            . She positively identified Barrett as her ex-boyfriend. She told me that throughout the night, she called police several times because Barrett had repeatedly attempted to make unlawful entry into her house. On this most recent occasion, Barrett attempted to break in through a window.            showed me the window and demonstrated how Barrett had tried to open it. I asked            if she was willing to place Barrett under private person's arrest. She said that she did.

During my investigation, I learned that Barrett had a previous conviction for 273.5 PC against another victim and was the restrained person on an unrelated restraining order. Based on the those facts, as well as his obsessive and dangerous behavior exhibited by attempting to break into            house, I advised her that I would seek an emergency protective order on her behalf. She indicated that she wanted this. I later obtained the EPO from Judge Laforge.

Officer Levesque transported Barrett to the Sebastopol Police Department. There, I served him with his copy of the EPO. Officer Levesque transported Barrett to SCMADF for booking.

A DMV inquiry of Barrett showed that he was on court probation in Sutter County.

My body-worn video camera was activated during this investigation.

### Attachments:

- Copy of narrative for case # 17-0019
- Copy of EPO

### Disposition:

Forward a copy of this report to the Sonoma County District Attorney's Office and request that the following charges be filed against Charles Joseph Barrett:

- 148(a)(1) PC
- 647(h) PC
- 664/602.5(a) PC

Forward a copy of this report to the Sutter County District Attorney's Office for VOP.

Case closed.

| Prepared By: | Date: | Approved By: | Date: |
|---|---|---|---|
| 407  GINN, DAVID F.  ☑ BODY CAMERA RECORDED | 01/07/2017 | 413  BELLIVEAU, NICOLAS | 01/07/2017 |