UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. ANTHONY W. ISHII, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 05-CR-22-AWI |
| vs. | ) | CHANGE OF PLEA |
| CHARLES BARRETT, | ) | |
| Defendant. | ) | |

Fresno, California                                Monday, September 11, 2006

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Plaintiff:      United States Attorney's Office
                        BY: **STANLEY A. BOONE**
                        2500 Tulare Street
                        Suite 4401
                        Fresno, California 93721

For the Defendant:      Imhoff & Associates
                        BY: **TIMOTHY ROTE**
                        2014 Tulare Street
                        Suite 604
                        Fresno, California 93721

REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer aided transcription.

GOVERNMENT'S EXHIBIT

9

1:22-CR-00213-ADA-BAM

1  Monday, September 11, 2006                    Fresno, California
2  8:55 a.m.
3            THE CLERK:  Number 11 on the calendar.  CR-05-22-AWI.
4  United States versus Charles Barrett for status conference.
5            MR. ROTE:  Good morning, Your Honor, Tim Rote for Mr.
6  Barrett who's present out of custody.
7            MR. BOONE:  Good morning, Your Honor, Stan Boone for
8  the United States.  Your Honor, with regard to the status of
9  this case.  This morning I did execute a change of plea form.
10 I would like to provide it to the Court.  Your Honor, I would
11 note for the record that it is a specific plea agreement
12 pleading the defendant to a misdemeanor, but the reason for
13 that is we would like to keep it in this Court because if the
14 Court rejects the offer, then this Court would have to
15 consider the felony.
16           THE COURT:  All right.  Mr. Barrett, if you can just
17 please raise your right hand and the clerk will administer an
18 oath.
19      (Defendant sworn.)
20           THE COURT:  You're now under oath.  If you answer any
21 of my questions falsely, your answers may later be used
22 against you in another prosecution for perjury or making a
23 false statement.  Do you understand that?
24           THE DEFENDANT:  Yes.
25           THE COURT:  What's your full name?

1          THE DEFENDANT:  Charles Jesse Barrett.
2          THE COURT:  How old are you?
3          THE DEFENDANT:  22.
4          THE COURT:  How far did you go in school?
5          THE DEFENDANT:  High school.
6          THE COURT:  Have you been treated recently for any
7    mental illness or addiction to narcotic drugs of any kind?
8          THE DEFENDANT:  No, Your Honor.
9          THE COURT:  Are you currently under the influence of
10   any drug, medication or alcoholic beverage of any kind?
11         THE DEFENDANT:  No, Your Honor.
12         THE COURT:  Have you read a copy of the superseding
13   indictment that is the written charge pending against you, so
14   that you understand what you're being charged with in this
15   case?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Have you fully discussed those charges
18   and your case in general with your attorney?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Are you fully satisfied with the counsel,
21   representation and advice given to you in this case by your
22   attorney?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  Is your willingness to plead guilty today
25   the result of discussions that your attorney has had on your

1    behalf with the attorney for the government?
2            THE DEFENDANT:  Yes.
3            THE COURT:  All right.  Now I've received a document
4    entitled memorandum of plea agreement.  Have you had a chance
5    to read over the plea agreement?
6            THE DEFENDANT:  Yeah.
7            THE COURT:  Have you fully discussed the plea
8    agreement and its consequences with your attorney?
9            THE DEFENDANT:  Yes, Your Honor.
10           THE COURT:  Do you understand everything in the plea
11   agreement?
12           THE DEFENDANT:  Yes.
13           THE COURT:  And in understanding what is in the plea
14   agreement, did you personally sign the plea agreement?
15           THE DEFENDANT:  Yes, Your Honor.
16           THE COURT:  Does this plea agreement represent
17   everything, as far as your understanding, of the agreement
18   that you have reached with the government regarding your case?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you understand all the terms of the
21   plea agreement, that is what you agree to and what the
22   government has agreed to?
23           THE DEFENDANT:  Yes.
24           THE COURT:  Has anyone made any other or different
25   promise or assurance of any kind to you in an effort to induce

```
1   you to plead guilty in this case?
2           THE DEFENDANT:  No, Your Honor.
3           THE COURT:  The terms of the plea agreement are
4   recommendations to the Court.  The Court can reject the
5   recommendations without permitting you to withdraw your plea
6   of guilty and the Court can impose a sentence that is more
7   severe than you may anticipate.  Do you understand that?
8           THE DEFENDANT:  Yes.
9           THE COURT:  Has anyone attempted in any way to force
10  you to plead guilty?
11          THE DEFENDANT:  Yes.  No.  Yes, but no.
12          THE COURT:  All right.
13          THE DEFENDANT:  No.
14          THE COURT:  Are you pleading guilty of your own free
15  will because in this case you're guilty of the charge that
16  you're pleading guilty to today?
17          THE DEFENDANT:  Yeah.  Yes.
18          THE COURT:  Okay.  Now, in the plea agreement, it
19  sets forth the maximum potential sentence that you could
20  receive on that particular charge, up to six months
21  imprisonment, a fine of up to $5,000 or both.  And there is a
22  mandatory $10 penalty assessment.  Do you understand that?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Okay.  Now, with respect to your
25  sentencing, in this case as far, as the sentencing is
```

1  concerned, the Court would refer this to the probation office
2  for a presentence report. But in the plea agreement, there is
3  a specific agreement as to the time in custody that you would
4  serve and certain other conditions that would be part of your
5  sentence if the Court were to follow the plea agreement. Do
6  you understand that?
7         THE DEFENDANT: Yes.
8         THE COURT: Okay. And in addition, if there is any
9  restitution in this case, you would have to pay the
10 restitution. And in this case, you are agreeing to pay the
11 restitution before you're actually sentenced. Do you
12 understand that?
13        THE DEFENDANT: Yes, Your Honor.
14        THE COURT: Now, if I agree with the plea agreement
15 and the sentencing, part of the sentencing would be that you
16 would have to stay outside of Yosemite, the boundaries of the
17 Yosemite National Park. And if you violated that part of your
18 agreement within three years after your sentence, that would
19 be -- you would be subject to the contempt of court
20 proceedings. Do you understand that?
21        THE DEFENDANT: Yes, Your Honor.
22        THE COURT: Now, with respect to your sentencing, the
23 Court will take into consideration the advisory sentencing
24 guidelines and the factors that are applicable in your case
25 that the Court must consider as required by law in order to

1  impose a reasonable sentence in your case.  Do you understand
2  that?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  All right.  And then as far as the
5  advisory sentencing guidelines, have you discussed with your
6  attorney how they might apply to your case?
7          THE DEFENDANT:  Yes.
8          THE COURT:  The Court will not be able to determine
9  your actual sentence until after presentence report has been
10 completed and you and the government have had an opportunity
11 to challenge the reported facts and the application of the
12 advisory sentencing guidelines.  The actual sentence imposed
13 may be different from any estimate your attorney may have
14 given you.  Do you understand that?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  As part of your plea agreement, you're
17 agreeing to waive, that is give up your right to appeal your
18 case, including your sentence.  And you're also agreeing not
19 to contest your case including your sentence and any post
20 conviction proceedings.  Do you understand that?
21         THE DEFENDANT:  Yes, Your Honor.
22         THE COURT:  And do you now waive, that is give up
23 your legal rights for this case only?
24         THE DEFENDANT:  Yes, Your Honor.
25         THE COURT:  In addition, if you enter a plea of

1  guilty, you would also be giving up certain other legal rights
2  for this case only that are commonly referred to as your trial
3  rights.  This would include all the separate counts here that
4  you do have a right to plead not guilty and then you would
5  have the right to a speedy public trial by jury.  Do you
6  understand that right?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  Do you now waive, that is give up that
9  legal right for this case?
10         THE DEFENDANT:  Yes.
11         THE COURT:  At trial would you would presumed to be
12 innocent and the government would have to prove your guilt
13 beyond a reasonable doubt.  You would have the right to see
14 and hear all the witnesses and have them cross-examined in
15 your defense.  Do you understand that right?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Do you give up that right?
18         THE DEFENDANT:  Yes.
19         THE COURT:  If you were to proceed to trial, you
20 would have the right to the assistance of an attorney for your
21 defense and a free court appointed attorney if you could not
22 afford to hire your own.  Do you understand that right?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Do you give up that right?
25         THE DEFENDANT:  Yes.

1     THE COURT:  You have the right on your part to
2 decline to testify unless you voluntarily elected to do so in
3 your own defense.  Do you understand that right?
4     THE DEFENDANT:  Yes, Your Honor.
5     THE COURT:  Do you give up that right?
6     THE DEFENDANT:  Yes.
7     THE COURT:  You have the right to present a defense,
8 including the right to use the Court's subpoena power to order
9 in any witness to testify at no cost to you.  Do you
10 understand that right?
11     THE DEFENDANT:  Yes, sir.
12     THE COURT:  Do you give up that right?
13     THE DEFENDANT:  Yes.
14     THE COURT:  Should you decide not to testify or put
15 on any evidence, these facts could not be used against you.
16 Do you understand that right?
17     THE DEFENDANT:  Yes, Your Honor.
18     THE COURT:  Okay.  Now, in order for you to be found
19 guilty of the crime of vandalism, the government must prove
20 each of the following elements beyond a reasonable doubt.
21 First, that you destroyed injured, defaced, damaged property
22 or real property on national park lands and, second, the
23 property destroyed belonged to someone other than you.
24     Do you understand each of those elements?
25     THE DEFENDANT:  Yes, sir.

1   THE COURT: I'm going to ask the attorney for the
2   government to state the facts that apply in your case. After
3   he's done, I will ask you if you agree with those facts. If
4   you do, those facts are sufficient to prove each of those
5   elements beyond a reasonable doubt.
6   MR. BOONE: Thank you, Your Honor.
7   On or about September 10th, 2004, the defendant, in
8   Yosemite National Park, State and Eastern District of
9   California, did knowingly engage in conduct that caused damage
10  to tangible property to another person, to wit, personal
11  property of the United States Park Service Ranger ▇▇▇▇▇▇▇
12  on account of his investigation of defendant's criminal case.
13  On December 6, 2004, the defendant was arrested in
14  Yosemite National Park for various offenses, including driving
15  under the influence of alcohol and for driving with a blood
16  alcohol content greater than .05 percent. One officer made
17  that arrest and was a witness to was defendant's offense was
18  United States National Park Service Ranger ▇▇▇▇▇▇▇. The
19  offenses were subsequently filed in federal court in Yosemite
20  National Park on or about the date of the offenses. Ranger
21  ▇▇▇ performed field sobriety tests on the defendant which
22  eventually led to the defendant's arrest for driving while
23  under the influence of alcohol. The defendant eventually pled
24  guilty to this charge.
25  On or about September 10th, 2004, the defendant

1   slashed Ranger ▮▮▮ tires on his personal vehicle as a
2   result of his investigation and arrest of the defendant by
3   Ranger ▮▮▮ on September 6, 2004.
4         THE COURT: All right. Mr. Barrett, is that a true
5   and accurate statement of the facts in your case?
6         THE DEFENDANT: Yes.
7         THE COURT: All right. In Count Five of the
8   superseding indictment, you are charged with a violation of 36
9   CFR Section 231(a)(3), vandalism. To that charge, how do you
10   now wish to plead, guilty or not guilty?
11         THE DEFENDANT: Guilty, Your Honor.
12         THE COURT: All right. It is the finding of the
13   Court in this case that the defendant Charles Joseph Barrett
14   is fully competent and capable of entering an informed plea.
15   He is aware of the nature of the charge and the consequences
16   of the plea. The plea of guilty is a knowing and voluntary
17   plea supported by an independent basis in fact, containing
18   each of the essential elements of the offense. The plea is
19   therefore accepted and the defendant is now judged guilty of
20   that offense.
21         Okay. I'll go ahead and refer this to the probation
22   office for a presentence investigation report. And --
23         MR. BOONE: Your Honor, it was discussing the matter
24   with the probation office. In light of the charge. But I
25   know the Court will need some information to determine whether

1   or not to accept the plea or not.  Would the Court -- we could
2   set it over for five weeks or we could do a full ten week
3   presentence investigation report.  I don't know how the Court
4   would wish to proceed.  I don't think the probation is going
5   to do a full report in terms of what we do on felony cases.
6   But at least provide the defendant's history as well as
7   criminal history is the Court is mindful of that.
8           THE COURT:  That's fine.  Whichever works out best.
9   Five or ten weeks is fine.
10          PROBATION OFFICER:  Your Honor, if he has other
11  criminal history, we're going to have to send away for that,
12  so it could take some time.  So I'm hesitant to say five
13  weeks.  Depends on the Court's availability.
14          THE COURT:  Okay.  Well, let me leave it to counsel.
15          MR. BOONE:  Let's go with --
16          THE COURT:  Perfectly fine with me.
17          MR. BOONE:  Let's go with the ten weeks and if
18  something -- if I can facilitate this with probation, then we
19  can advance the hearing.
20          THE COURT:  That would be November the 20th.  So
21  we'll set sentencing for Monday, November the 20th.  That will
22  be at nine o'clock in the morning.  And if it turns out that
23  the probation office and all parties agree that it can be
24  moved forward on the Court's calendar, just notify Mr.
25  Nazaroff.  That would be fine with me.  Otherwise it will be

1   November 20th.
2           MR. ROTE:  Thank you, Your Honor.
3           MR. BOONE:  Thank you, Your Honor.
4      (The proceedings were concluded at 9:08 a.m.)
5
6           I, KAREN HOOVEN, Official Reporter, do hereby certify
7   that the foregoing transcript as true and correct.
8
9   DATED:  19th of January, 2023       /s/  Karen Hooven
                                         KAREN HOOVEN, RMR-CRR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25