FILED
JAN 1 4 2009
INYO CO. SUPERIOR COURT
NANCY A. MOXLEY, CLERK
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF INYO

Plaintiff: PEOPLE OF THE STATE OF CALIFORNIA

Defendant: __Charles Barrett__

Case No. __CRF 08-47179__

DOMESTIC VIOLENCE ADVISEMENT OF RIGHTS,
WAIVER, AND **FELONY** PLEA FORM

Fill out this form if you wish to plead guilty or no contest to the charges against you. Place your initials within the brackets for each applicable item only if you understand it, and sign and date the form on the last page. Some items, especially those brackets noted by an asterisk (*) may not be applicable in your case. "N/A" may be placed within any brackets for items that are not applicable. If you have any questions about your case, the rights you would be giving up by pleading guilty or no contest, the possible sentence, or the information on this form, ask your attorney or the judge.

1.a. RIGHT TO AN ATTORNEY: I understand that I have the right to be represented by an attorney throughout the proceedings. I have the right to hire or retain an attorney of my own choice. I understand that the Court will appoint a free attorney for me if I cannot afford to hire one, but at the end of the case, I may be ordered to pay all or part of the cost of that attorney, if I can afford to. If the Court orders me to reimburse the County of Inyo for all or a portion of the public defender services provided to me, that order will have the same force and effect of a civil judgment against me, and may be enforced or collected in the same manner as any other civil judgment.   [ CB ]

1.b. I understand that there are dangers and disadvantages to giving up my right to an attorney, and that it is almost always unwise to represent myself.   *[ N/A ]

NATURE OF THE CHARGES

2. I understand that I am charged with the following offense(s):
(check the appropriate box and/or write in the code section(s) below)

[ X ] Penal Code Section 273.5(a)

__battery on a cohabitant w/ traumatic injury__   [ CB ]

3. I understand that I am also charged with having the following **prior conviction(s)**:

_____ *[ N/A ]

GOVERNMENT'S EXHIBIT
12
1:22-CR-00213-ADA-BAM
BARRETT_00011478

4. I understand that I am also charged with violating the **probation order** in case(s): _____

_____  *[ N/A ]

5. I understand the charge(s) against me, and the possible pleas and defenses.   [ CB ]

CONSTITUTIONAL RIGHTS

6. RIGHT TO A PRELIMINARY EXAMINATION AND A JURY TRIAL-I understand that I have the right to a speedy and public preliminary examination and a jury trial. I understand that a preliminary examination is a hearing before a judge to determine if there is reasonable and probable cause to believe that the felony offense(s) charged have been committed, and committed by me. I further understand if I am ordered to stand trial after a preliminary examination, I have the right to a speedy and public trial by jury. At the trial, I would be presumed innocent, and I could not be convicted unless all 12 impartial jurors were convinced that the District Attorney's Office had proven my guilt beyond a reasonable doubt.   [ CB ]

7. RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES-I understand that at the preliminary examination and trial, I have the right to confront and cross-examine all witnesses testifying against me. I understand that I have the right to have them appear in Court and testify under oath in front of me, and that I or my attorney may ask them questions.   [ CB ]

8. RIGHT AGAINST SELF-INCRIMINATION-I understand that I have the right to remain silent and not incriminate myself. I also understand that I have the right to testify on my own behalf, but only if I want to. I understand that I can not be forced or compelled to testify, and that if I elect to remain silent, my silence will not be considered as any evidence of guilt. I understand that by pleading guilty or no contest, or admitting prior conviction(s) or probation violation(s), I am incriminating myself. I understand that if I am pleading no contest the Court will have no choice but to find me guilty of that charge(s), and a plea of no contest will not have any other benefit to me.   [ CB ]

9. RIGHT TO PRODUCE EVIDENCE-I understand that I have the right at the preliminary examination and at trial to present evidence, and to have the Court issue subpoenas (or orders) to bring into court all witnesses and evidence favorable to me, at no cost to me.   [ CB ]

10. RIGHTS ON CHARGES OF PRIOR CONVICTION(S) AND PROBATION VIOLATION(S)- If applicable-I understand that I have the right to an attorney, the right to a jury trial, the right to confront and cross-examine all witnesses, the right against self-incrimination, and the right to produce evidence for all the charges against me, including any charged prior conviction(s) or probation violation(s). However, for a charge of violating probation, I do not have the right to a jury trial, although I do have the right to a hearing before a judge.   *[ N/A ]

## WAIVER OF RIGHTS

Understanding all this, for all the charges against me, including any prior conviction(s) or probation violation(s):

~~11. I give up my right to an attorney and I choose to represent myself.~~   *[N/A]

12. I give up my right to a preliminary examination (unless I have already had a preliminary examination in this case), and I give up my right to a jury trial.   [cB]

13. I give up my right to confront and cross-examine witnesses.   [cB]

14. I give up my right to remain silent and to not incriminate myself.   [eB]

15. I give up my right to produce evidence and witnesses on my own behalf.   [eB]

## CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST

16. PENALTY: I understand that the possible consequences for the offense(s) charged include the following:

- Two (2), Three (3), or Four (4) years in state prison followed by a term of parole as provided by law, and $6,000 fine plus assessments. Two (2), Three (3), or Five (5) years in state prison followed by a term of parole as provided by law, and a $10,000 fine plus assessments, if I have a prior conviction within seven years under Penal Code Section 273.5, 243(d), 243.4, 244, 244.5 or 245, if the victim of the prior offense is a person designated under Penal Code Section 273.5(a)

  Parole may be for a term of 3 years, and if I violate parole, I may be returned to state prison for up to one full year for each violation. Even if probation is granted, I may be required to serve up to one year in the county jail, as an initial term and condition of probation. If probation is ever revoked, I understand the maximum sentence can be imposed.

  If granted probation, I understand there will be a minimum of 15 days in jail if I have a prior conviction of PC § 273.5 within seven years, and a 60-day minimum jail term if I have two or more prior convictions within seven years.

- I understand that the assessments will significantly increase the amount of the fine that I must pay. A $20 security fee/assessment will also be imposed for every count or charge for which I am convicted.

- Successful completion of a batterer's treatment or other counseling program of at least one year (52 weeks) in duration. Progress reports will be sent to the Court by the treatment program at least every three (3) months, and review hearings will be held by the Court.

IC DV F-100 (02-2006)

3

- Payment up to $5,000 to a battered women's shelter
- Payment of Victim Restitution, including the cost of the Victim's counseling and other expenses incurred by the Victim(s). I understand that prior to my probation and sentencing hearing, I must provide the Probation Department and file with the Clerk of this Court a disclosure form (Judicial Council Form CR-115 which is available at the Clerk's Office) as required by Penal Code § 1202.4(f)(4&5), including, but not limited to, identifying all assets, income, and liabilities in which I held or controlled a present or future interest as of the date of my arrest for the crime for which restitution may be ordered. If I am granted probation or a conditional sentence, I understand that I must also file with the Court a new and updated financial disclosure form 120 days before the scheduled termination of my probation or conditional sentence, if I still owe money on a victim restitution order or restitution fine. [PC § 1202.4(f)(11)]

- Mandatory requirements of Penal Code § 1203.097 - If granted probation, I understand that the Court must also impose the following terms of probation:
    - Thirty-six (36) months as a minimum term of probation. (Probation is normally for sixty (60) months)
    - Issuance of a criminal protective order protecting the Victim from further acts of violence, threats, stalking, sexual abuse, and harassment, and if appropriate, the order will contain residence exclusion and/or stay-away and no contact conditions
    - Possible participation in a chemical dependency program
    - I will be ordered to be submit to booking by law enforcement within one week of sentencing, if I have not already been booked, so to create a criminal history and record
    - In addition to other fines, fees, and restitution, a minimum four hundred dollar ($400) fee shall be ordered paid under PC § 1203.097(a)(5)
    - Mandatory community work service [PC § 1203.097(a)(8)]
    - The Victim will be notified of the disposition of this case

- Mandatory state restitution fine-In addition to Victim Restitution and other fines and fees, the Court will impose a State Restitution Fine in the minimum amount of $200 and the maximum amount of $10,000 [PC § 1202.4(b)(1)] If I am granted probation, I understand a Probation Revocation Restitution Fine will also be imposed in the same amount as the state restitution fine, however, the Probation Revocation Restitution Fine will be suspended upon successful completion of the entire probationary term. [PC § 1202.44] If I am sentenced to state prison, now or upon a revocation of probation, I will also be ordered to pay a Parole Revocation Restitution Fine in the same amount as the State Restitution Fine, which will be suspended upon my successful completion of the entire term of parole. [PC § 1202.45]

- Life Time Firearm Prohibition-The Court will order and the law otherwise provides a lifetime firearm prohibition, so that I can not own, possess, or have custody or control over any type of firearm for the rest of my life. Violation of

IC DV F-100 (02-2006)

4

BARRETT_00011481

that prohibition may subject me to separate federal and/or state felony prosecution. [PC § 12021(a)(1)]  [ cB ]

- I understand that in connection with ordering probation terms and/or imposing judgment (sentence) in my case, the Probation Department and the Court may consider the facts and circumstances surrounding each count, charge, and/or case which is dismissed with a "Harvey Waiver."  *[ CB ]

17. I understand that if I am not a citizen of the United States of America, a plea of guilty or no contest could result in my deportation from this country, permanent exclusion from admission to this country, and denial of naturalization or citizenship.  [ cB ]

18. I understand that if I am on probation or parole in any other case, in this or any other jurisdiction, my plea of guilty or no contest in this case may be used against me and result in the violation or revocation of my probation and/or parole, and subject me to the maximum penalties that could be imposed in any other case or cases that I might be on probation or parole. I understand the maximum penalty that can be imposed for any applicable probation or parole violations.  [ cB ]

19. I understand that at the probation and sentencing hearing the Court has the discretion or right to reject the settlement agreement in this case. If the Court does so, I understand my plea(s) will be tendered back to me, and I will be returned to the same procedural status I am in now (with the right to a jury trial), but that would occur at some unknown future date.  [ CB ]

20. I understand that if I plead guilty or no contest, I should assume that doing so is a permanent and final decision. I understand that I will not be allowed to simply change my mind at a future date. I understand that pleas are allowed to be withdrawn <u>only if</u> there is a legal basis and good cause shown for doing so.  [ eB ]

21. I understand that a plea of no contest (*nolo contendere*) will have exactly the same effect in this case as a plea of guilty, and will not have any other benefit to me.  [ eB ]

22. I understand that a conviction for domestic violence can be used against me in any present or future child custody and/or visitation litigation. I also understand that as a result of this conviction, under California Family Code Section 3044, for five years there will be a rebuttable presumption against me being awarded sole or joint physical or legal custody of a child.  [ eB ]

23. I understand that as a result of this felony conviction I will be required to comply with the provisions of California Penal Code Section 296. I will be required to provide buccal swab samples, thumbprints, full palm print impression of each hand, and any blood specimens or other biological samples required by law for law enforcement identification analysis, including DNA analysis. Failure to comply with the provisions of PC § 296 would constitute a separate crime.  [ CB ]

BARRETT_00011482

PLEAS

24. I acknowledge that I have had an adequate opportunity to discuss the decision to plead guilty or no contest with an attorney and to consider this decision. I understand the rights I am giving up and the consequences of pleading guilty or no contest. I do not have any questions. I have not consumed any alcohol or drugs that in any way may be adversely affecting my thinking, judgment, or reasoning ability at this time.  [ CB ]

25. In exchange for changing my plea to guilty or no contest, I have been promised the following: 60 months probation
180 day lid on initial jail time.

No other promises have been made to me except as set forth above in writing. No one has threatened me, or anyone close to me, to get me to change my plea(s) to guilty or no contest.  [ CB ]

26. I hereby freely and voluntarily plead ___no Contest___ to the following charge(s):             (Guilty or No Contest)

Felony _Pen. C § 273.5_                                    [ CB ]

27. I freely and voluntarily admit the prior conviction(s) listed on this form. I understand that this admission will increase the penalties which are imposed on me.
*[ NA ]

28. I freely and voluntarily admit the probation violation(s) list on this form and give up my right to a hearing before a judge regarding the probation violation(s).  *[ NA ]

29. I understand that I have the right to a delay of 6 hours prior to being sentenced, and the right to a probation and sentencing hearing where I can present evidence in my behalf. I give up these rights and agree to be sentenced at this time. I also waive or give up my right to have my case referred to the Probation Department for a pre-sentence investigation, report, and recommendation. I desire to proceed immediately to sentencing. I understand a report will be prepared as provided by PC § 1203c if I am sentenced to state prison.  *[ NA ]

30. I understand that I have the right to have the Court pronounce judgment within twenty (20) judicial days from the date of entry of my plea(s) of guilty or no contest. I

waive or give up this right, and agree that my probation and sentencing can be held beyond the 20 day judicial day time period.     *[ CB ]

31. I understand that I have the right to be sentenced by the Judge who accepts my plea(s) of guilty or no contest. I do hereby enter an *Arbuckle* waiver, and give up my right to be sentenced by the Judge who takes my plea, and agree that I may be sentenced by another Judge.     *[ CB ]

32. I understand that I must be present at my probation and sentencing hearing.   [ CB ]

DATED: __1-14-09__

DEFENDANT'S SIGNATURE: _____

## ATTORNEY'S STATEMENT

I am the attorney of record for the Defendant. I have reviewed this form and any addenda with my client. I have explained each of the defendant's rights to the defendant and answered all of the defendant's questions with regard to this plea. I have also discussed the facts of the defendant's case with the defendant, and explained the consequences of this plea, the elements of the offense(s), and the possible defenses. I concur in this plea and in the defendant's decision to waive his or her constitutional rights.

_____     __14 Jan 09__
Signature of Defendant's Attorney     Date

## INTERPRETER'S STATEMENT

I, having been sworn or having a written oath on file, certify that I truly translated this form to the defendant in the language indicated below. The defendant stated that (s)he understood the contents of the form, and then (s)he initialed and signed the form.

Language: [ ]   Spanish     [ ] Other: (Specify) _____

_____   _____   _____
Court Interpreter's Signature     Type or Print Name     Date

## COURT'S FINDINGS AND ORDER

The Court, having reviewed this form and any addenda, and having questioned the defendant concerning the defendant's constitutional rights and the defendant's plea(s), admission of prior conviction(s) and probation violation(s), if any, finds that the Defendant has expressly, knowingly, understandingly, and intelligently waived his or her constitutional rights. The Court further finds that the defendant's waiver of rights, plea(s) and admission(s) are freely and voluntarily made with a knowing and intelligent understanding of the nature and consequences thereof, and that there is a factual basis for the plea(s) and admission(s). The Court accepts the defendant's plea(s), the defendant's admission to prior conviction(s) and probation violation(s), if any, and orders this form filed and incorporated in the docket by reference as though fully set forth therein.

_____     _1-14-09_____
Judge of the Superior Court                       Date

IC DV F-100 (02-2006)                                                                                8

BARRETT_00011485

```
ARTHUR J. MAILLET
DISTRICT ATTORNEY, COUNTY OF INYO
```
FILED
OCT 2 3 2008
INYO CO. SUPERIOR COURT
NANCY A. MOXLEY, CLERK
                    DEPUTY

☒ 301 WEST LINE STREET, SUITE E    ☐ 168 NORTH EDWARDS, DRAWER D
   BISHOP, CALIFORNIA 93514           INDEPENDENCE, CALIFORNIA 93526

D.A. # N21123

Attorney for Plaintiff

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF INYO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES JOSEPH BARRETT,<br><br>Defendant. | No. MBCRF-08-47179<br><br>**COMPLAINT**<br>**FELONY** |

The undersigned, verifying upon information and belief, complains that in the County of Inyo, State of California, the Defendant did commit the following crime:

### COUNT 1

On or about the 15th day of October, 2008, said **CHARLES JOSEPH BARRETT** did commit a **FELONY**, namely, violation of Section 273.5(a) of the Penal Code of the State of California, in that said Defendant did willfully and unlawfully inflict corporal injury resulting in a traumatic condition upon ████████████████, who was the former cohabitant of the Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2008 at Bishop, California.

MARK D. JOHNSON
ASSISTANT DISTRICT ATTORNEY

**DISCOVERY REQUEST**
Pursuant to Penal Code Section, 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code Section 1054.3.

—1—

**FELONY**