**HENNESSY LAW GROUP**
Timothy P. Hennessy, SBN 286317
1217 L. Street
Bakersfield, CA 93301
Tel: (661)237-7179
Email: tph@hennessylawgroup.com

**TORRES|TORRES STALLINGS**
**A LAW CORPORATION**
David A. Torres, SBN135059
1318 K. Street
Bakersfield, CA 93301
Tel: (661)326-0857
Email: dtorres@lawtorres.com

Attorneys for:
CHARLES BARRETT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>CHARLES BARRETT,<br><br>            Defendants. | Case No.  1:22-CR-00213-ADA-BAM<br><br>**DEFENDANT BARRETT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP § 48 (b)(2)**<br><br>Motions Date: April 24, 2023<br>Time: 8:30 a.m.<br>Honorable Ana de Alba |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT; THE HONORABLE ANA de ALBA, UNITED STATES DISTRICT COURT JUDGE; PHILIP A. TALBERT, UNITED STATES ATTORNEY; ARIN C. HEINZ AND MICHAEL TIERNEY, ASSISTANT UNITED STATES ATTORNEYS FOR PLAINTIFF:

PLEASE TAKE NOTICE that on April 24, 2023, at 8:30 a.m. or as soon thereafter, as counsel may be heard, before the Honorable Ana de Alba, Defendant, Charles Barrett, through undersigned counsel, does and will move the court for an order to dismiss Counts One, Two and Three in the Indictment. This Motion to Dismiss the criminal Indictment will be made Pursuant

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 1

to Federal Rules of Criminal Procedure 48 (b)(2), on the grounds of undue delay in filing an information against the defendant.

This motion will be based on this notice of motion, the Memorandum of Points and Authorities served and filed herewith, the records on file in this action, and such oral or documentary evidence presented at the time of the hearing on the motion.

Dated:  April 13, 2023                                      Respectfully Submitted,


                                                            */s/ David A. Torres*
                                                            DAVID A. TORRES
                                                            Attorney For Defendant
                                                            CHARLES BARRETT


                                                            */s//Timothy Hennessy*
                                                            TIMOTHY P. HENNESSY
                                                            Attorney For Defendant
                                                            CHARLES BARRETT

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# OF THE MOTION TO DISMISS THE INDICTMENT

## I.

## STATEMENT OF FACTS

**Alleged Victim's Statement:** On April 16, 2020, [unknown] received a radio dispatch for a cold assault. A female identified as KG reported she was raped in 2016 by Charles Barrett. On April 16, 2020, KG reported being strangled and raped by Charles Barrett in Tuolumne Meadows in August of 2016. KG grew up in Colorado and identified as a rock climber. In 2015, KG received a friend request from Charles Barrett. KG saw they had hundreds of friends in common and felt it was safe to accept Barrett's friend request. Barrett allegedly began to make passes at KG online which led her to block Barrett from social media.

In 2015, KG stated she moved to California and lived in the Bay Area. She planned a trip to Yosemite to go climbing. Prior to her trip, KG injured herself but decided to proceed with her trip to Yosemite to camp and hike. She was scheduled to be in Yosemite from August 13, 2016, through August 15, 2016. After arriving in Yosemite, she encountered Barrett and began talking to him. Mr. Barrett suggested they meet up to discuss a hike in the area.

According to KG, she met Mr. Barrett at the Puppy Dome parking lot where the two went to a local watering hole with a group of people. The same night, Barrett invited KG to watch a meteor shower, and she accepted his invitation. Barrett took KG to a secluded area of the forest and believe he was leading her to an area where they could see the meteor shower. Barrett began to grab KG and ripped her shirt. He choked her, placed her on the ground, and had his hand on her neck. He penetrated her vaginally and anally. After the incident, KG stayed with Barrett at his cabin.

The next day, Barrett and KG hiked to a nearby river. Barrett assaulted her digitally. The two proceeded back to his cabin. The two took a shower together and had sexual relations. KG spent

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 3

the night at Barrett's cabin for the second night.

On the third day, Barrett and KG took a boat out on the lake. KG became angry and they returned to shore. The two went back to Yosemite where KG dropped off Barrett and drove to her home in the Bay Area.

As to the above allegations, Mr. Barrett adamantly denies he raped KG. Mr. Barrett was communicating with KG prior to her visit and was waiting for her upon her arrival. Prior to her visit, KG sent Mr. Barrett explicit photographs and text messages, some photographs of a sado-masochistic nature. KG gave every indication she was sexually interested in Mr. Barrett and never wavered throughout the entire weekend rendezvous in Yosemite. Throughout the weekend they interspersed their time either alone hiking and climbing or both drank wine at a bonfire with other climbers. Every sexual encounter on August 13, 14 and 15, 2016, was consensual.

On August 4, 2022, the United States Attorney's Office filed an Indictment against Mr. Barrett alleging the following:

- Count One: Aggravated Sexual Abuse (18 U.S.C. § 2241(a)(1))
- Count Two: Abusive Sexual Contact (18 U.S.C. § 2244(b))
- Count Three: Aggravated Sexual Abuse (18 U.S.C. § 2241 (a)(1))

The acts were alleged to occur on August 13, 14, and 15 of 2016. The Indictment was not filed until August 4, 2022, six years after the alleged incident.

## II.

## ARGUMENT

**THE DEFENDANT HAS A RIGHT TO CHALLENGE THE INDICTMENT PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE § 48 (b)(2).**

Federal Rules of Criminal Procedure section 48 (b) provides, "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."

### A. The Statute of limitations for the charges in the indictment is five years.

18 U.S.C.A. § 3282 provides "except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found, or the information is instituted within five years next after such offense shall have been committed. 18 U.S.C.A. § 3282 (West.)

An exception to the 5-year statute of limitations occurs where the crime charged in a capital offense, [which includes any crime] punishable by death" 18 U.S.C.A § 3281 (West.) The courts have held that "If the statute for a particular offense provides that a person who has committed the offense may be punished by death, that offense is a crime "punishable by death" and is not subject to limitations period. (*U.S. v. Korey* (W.D. Pa. 2009) 614 F.Supp.2d 573 citing 18 U.S.C.A. § 3281. )

### 1. Count One and Three alleging a violation of 18 USC § 2241(a)(1) is not a Capital Offense and falls under the five-year statute of limitations.

Count One alleges a violation of 18 U.S.C. § 2241 (a)(1) for August 13, 2016 which provides " whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal Department agency, knowingly causes another person to engage in a sexual act (1) by using of force against that person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempts to do so, shall be fined under this title, imprisoned for **any** term of years or life or both" 18 U.S.C.A. § 2241 (West.)

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 5

Counts One and Three do not provide that it shall be punishable by death nor is there any indication in the wording of the statute that it's a capital offense. Therefore, it is governed by a five-year statute of limitations.

Nonetheless the courts have previously in *Toussie v. U.S.* (1970) 397 U.S. 112, held that the "Statute of limitations is designed to protect individuals from having to defend themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in the far distant past." (*Toussie v. U.S.* (1970) 397 U.S. 112 citing 18 U.S.C.A. § 3282.) In *U.S. v. DiSantillo* (3d Cir. 1980) 615 F.2d 128 the court held "The purpose of statute of limitations is to balance government's need for sufficient time to discover and investigate crime against defendant's right to avoid perpetual jeopardy for offenses committed in distant past, and the major purpose of statute of repose is to protect individuals from having to defend themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in far-distant past." The courts have also previously determined that "[t]he general principle is that statute of limitations begins to run at moment crime is complete, and thus federal judiciary regards with disfavor assertions that a crime is a continuing offense." *(Id.)*

In the instant case, Counts One and Three are alleged to have occurred on or about August 12, 2016, and on or about August 14, 2016. There is no allegation that it was a continuing offense. Courts have determined that the statute of limitations will begin to run at the moment the crime is complete, which in this case would have been on the date of the alleged act/crime. The Indictment in this case was filed on August 4, 2022; however, since this is not a capital offense crime, count one should have been filed prior to August 12, 2016, and Count Three should have been filed at the latest on August 14, 2016.

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 6

Therefore, Counts One and Three have been filed after the statute of limitations and should be dismissed.

2. **Count Two alleges a violation of 18 USC 2244 (b) which is not a capital offense and is governed by 18 U.S.C.A. § 3282.**

18 U.S.C.A. § 2244 (b) provides, " whoever, in the special maritime and territorial jurisdiction of the united states or in a federal prison… knowingly engages in sexual contact with another person without that other person's permission shall be fined under this time, imprisoned not more than two years, or both." ( 18 U.S.C.A. § 2244 (b))

The language in this statute is similar to that listed above, for which the same law and reasoning applies. One main difference however is the fact that a violation of §2244 will not result in imprisonment for anything more than two years, and unlike § 2241(a)(1), this crime is alleged to have occurred on or about August 14, 2016, in Yosemite National Park. Since it is not a capital offense crime, this crime has a statute of limitations of five years, meaning that it should have been filed no later than August 14, 2021, not August 4, 2022.

Therefore, because all of the crimes charged in the indictment were charged and filed a year after the statute of limitations on this alleged crime has passed, the court should dismiss the indictment.

B. **Defendant believes that the United States of America will argue that the statute of limitations has not yet passed under 18 U.S.C. § 3299.**

Aside from capital offenses there are certain crimes that can be prosecuted at any time. 18 U.S.C. §3299 provides "Notwithstanding any other law, an indictment may be found, or an information instituted at any time without limitation for any offense under section 1201

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 7

involving a minor victim, and for any felony under chapter 109A, 110 (except for section 2257 and 2257A), or 117, or section 1591." (18 U.S.C.A. § 3299 (West))

However, this is an exception for which the statute is titled "Child abduction and sex offenses." Defense counsel has only been able to find case law where it applies to cases dealing with children. In this case the alleged victim was not a child, therefore, it is opined this law and exception is inapplicable. Generally, the limitation period may be suspended or extended in cases including child abuse, the concealment of the assets of an estate in bankruptcy, wartime fraud against the government, dismissal of original charges, fugitives, foreign evidence, or DNA evidence. Defense counsel has only found that the statute of limitations dealing with the charged crimes in this indictment were extended in cases where there was aggravated sexual assault of a child under the age of 12 where death results, and in an abusive sexual contact where death results.

In this case there was no death that occurred for the statute to have been extended nor is there a sufficient compelling reason for which the court should extend the limitations period now.

**C. In the event the court finds the statute of limitations should be extended, the court should nonetheless dismiss the indictment because a Due Process violation occurred, because of the unreasonable delay in making an assertion or claim that occurred in this case.**

In *Winslow v. U.S.* (9th Cir. 1954) 216 F.2d 912 the court held that "On [a] motion to dismiss on grounds that an Indictment was not filed within three years after the commission of an offense, trial court was limited to consideration of face of indictment and was obliged to accept

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 8

the facts therein alleged as true. (*Winslow v. U.S.* (9th Cir. 1954) 216 F.2d 912 citing 18 U.S.C.A. §§ 3282, 3284.)

In *U.S. v. DiSantillo* (3d Cir. 1980) 615 F.2d 128 the court held "The purpose of statute of limitations is to balance government's need for sufficient time to discover and investigate crime against defendant's right to avoid perpetual jeopardy for offenses committed in distant past, and the major purpose of statute of repose is to protect individuals from having to defend themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in far-distant past." (*Id.*)

In *U.S. v. Marion* (1971) 404 U.S. 307 The court held "The due process clause may provide basis for dismissing an Indictment if the defense can show at trial that prosecutorial delay in bringing accusation has prejudiced the right to fair trial." (*U.S. v. Marion* (1971) 404 U.S. 307  citing U.S.C.A.Const. Amend. 5.)

In the instant case before us looking at the face of the indictment solely, we know that the indictment was filed six years after the alleged crime occurred. When looking at the statute of limitations, there is a clear reason as to why it exists. Every accused has a right to a fair trial under the Fifth Amendment which can be affected by a case that is unreasonably delayed. In *Marion*, the court held that a defendant could be unduly prejudiced with prosecutorial delay in bringing the accusation which occurred here. The alleged crime, herein, occurred in August 2016.  The alleged victim reported the crime nearly four years later in April 2020 but an Indictment was not issued until August 4, 2022. In *U. S. v. O'Neill* (E.D. Pa. 1979) 463 F.Supp. 1205 the court held, "Statutes of limitations for filing indictments are intended to insure, inter alia, that defendant receives notice, within prescribed time, of acts with which he is charged, so that he and his lawyers can assemble relevant evidence before documents are lost, memory fades,

etc." (*U. S. v. O'Neill* (E.D. Pa. 1979) 463 F.Supp. 1205.) In this case, six years have passed. Defense counsel has a good faith belief that several witnesses who were present at or around the time of the alleged crime occurred no longer recall any details of the dates in question. Besides the decreased memory of the witness, counsel has a good faith belief that relevant evidence in this case has been lost. The defendant and other witnesses have since changed cellphones numerous times and have lost all relevant evidence pertaining to the dates in question. At the time Mr. Barrett was interviewed, he listed the names of several individuals who were present at the time he spent the weekend with KG. Many of the individuals he named could not recall the evening six years ago. Moreover, and more importantly, the community which defendant Barrett and KG belong to is the mountain climbing community. Many of these individuals are itinerant and difficult to locate. Since the time of the allegation, four years had passed and Barrett had not been given sufficient notice to assemble or preserve any relevant evidence. For instance, when people purchase new cell phones, it is customary to exchange the old cell in order to save money on the new cell. Over the past years, Mr. Barrett has purchased new cell phones and no longer possesses his old choosing to capitalize on cell phone rebates. Mr. Barrett's numerous text message and photo exchanges with KG were on his old cell phones and now that evidence is nonexistent. Ironically, the only person that kept a cell phone between them was KG.

  Therefore, the court should dismiss the Indictment in its entirety as it was unreasonably delayed in being filed and because the defendant has been unduly prejudiced by the delay.

## III.

## CONCLUSION

  In the present case the United States Government failed to file the indictment within the five years of statute of limitations. Further the United States Government failed to provide the

UNITED STATES OF AMERICA vs. CHARLES BARRETT - 10

defendant sufficient notice of the allegations in order to allow him to collect evidence of his innocence. The unreasonable delay in the filing of the indictment has unduly prejudiced the defendant, in that now at the time of filing the evidence available to him has been tainted and or destroyed. Therefore, the Indictment should be dismissed in its entirety.

For the above-mentioned reasons, the defendant Mr. Barrett respectfully requests the court grant the instant motion.

Dated: April 13, 2023                                   Respectfully Submitted,

*/s/ David A. Torres*
DAVID A. TORRES
Attorney For Defendant
CHARLES BARRETT

*/s/Timothy P. Hennessy*
TIMOTHY P. HENNESSY
Attorney For Defendant
CHARLES BARRETT