UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES BARRETT,<br><br>    Defendant. | No. 1:22-cr-00213-ADA-BAM-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 67) |

On August 16, 2020, K.G. reported that Defendant Charles Barrett strangled, assaulted, and repeatedly raped her in Yosemite National Park in August of 2016. (ECF Nos. 1, 67.) Defendant claims these encounters were consensual. (*Id*.) On August 4, 2022, the Government issued an indictment, charging Defendant with two counts of Aggravated Sexual Abuse pursuant to 18 U.S.C. § 2241(a)(1) and one count of Aggravated Sexual Abuse under 18 U.S.C. § 2244(b). (ECF No. 1.) Defendant pleaded not guilty at arraignment on August 30, 2022. (ECF No. 7.)

This matter is before the Court on Defendant's motion to dismiss. (ECF No. 67.) The Court held a hearing on the motion on July 12, 2023. (ECF No. 83.) The Court denied the motion at the hearing and stated this written order would follow. (ECF No. 83.) For the reasons explained below, the Court denies Defendant's motion to dismiss.

///

///

1

**DISCUSSION**

**A.  Statute of Limitations**

Defendant argues the Court should exercise its power under Federal Rules of Criminal Procedure Rule 48(b) to dismiss the indictment because the statute of limitations has run on each count charged, creating prejudicial delay.[1]  Per Defendant, all charges were filed one year after the statute of limitations, therefore, they must be dismissed.  (ECF No. 67 at 5–7.)  Because the offenses were not "Capital Offense[s]" and punishable by death, a five-year statute of limitations applies.  (*Id*.)  Because the crimes charged "are alleged to have occurred on or about August 12, 2016, and on or about August 14, 2016," the statute of limitations expired in August of 2021.  (*Id*. at 6.)

The Government argues its indictment was timely; thus, Defendant's motion should be denied.  (ECF No. 73.)  The charges issued fall under the statutory scheme of Chapter 109A within Part One of Title 18 of the United States Code; therefore, a specific set of criminal procedure rules apply—those iterated in Part Two of Title 18.  (*Id*.)  The Government argues that the Adam Walsh Child Protection and Safety Act "removed the limitations period for 'most felony sex offenses,' including the charges in the Indictment" through the codification of 18 U.S.C. § 3299.  (*Id*. at 2.)  Thus, under the correct set of procedures, there is no statute of limitations.  (*Id*.)

The Government is correct.  When interpreting a statute, we start "with the language of the statute itself."  *Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1056 (2019) (citations and internal quotation marks omitted).  Title 18 U.S.C. §3299 states, "Notwithstanding any other law, an indictment may be found . . . at any time without limitation for any offense under section 1201 involving a minor victim, and for *any felony* under chapter 109A . . . ."  18 U.S.C. §3299 (emphasis added).  "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"  *Lamie v. U.S. Tr*., 540 U.S. 526, 534 (2004).

---

[1] On July 11, 2023, Defendant submitted a notice of concession conceding "to the Government's position with respect to the Statute of Limitations."  (ECF No. 82.)  Defendant did not withdraw the motion, however, nor did he withdraw his argument of prejudicial delay, which appears to rely upon his former statute of limitations argument. (ECF No. 67 at 6 (arguing "[T]he '[s]tatute of limitations is designed to protect individuals from having to defend themselves against charges when basic facts may have become obscured by passage of time and to minimize danger of official punishment because of acts in the far distant past.'").)  Thus, these arguments are discussed here.

No semblance of ambiguity presents itself in this instance. Basic skills of statutory interpretation lead one to conclude there is no statute of limitations applicable to the crimes charged in the indictment. The governing statute clearly expands the provision removing statutes of limitations to encompass felonious crimes charged under Chapter 109A of Title 18. Title 18 U.S.C. §§ 2241 and 2244 are felonious crimes neatly tucked within Chapter 109A of Title 18. Furthermore, the use of the term "notwithstanding any other law" sets a clear flag that § 3299 should supersede any conflicting law. *See Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.") [Citation.] Likewise, the Courts of Appeals generally have 'interpreted similar '"notwithstanding"' language . . . to supersede all other laws, stating that '"'[a] clearer statement is difficult to imagine'"'"].)

Accordingly, the Court finds the Government timely charged and filed its indictment of Defendant on all counts.

**B. Pre-Indictment Delay**

Defendant argues the Court should dismiss the indictment because the Government exercised unreasonable delay in filing the charges. (ECF No. 67 at 10.) Specifically, Defendant argues that K.G.'s four-year delay in reporting and the prosecution's two-year delay in indicting Defendant have caused undue, prejudicial pre-indictment delay; thereby, impeding his ability to mount a defense as witnesses have forgotten the details of what occurred, and records—such as text messages and photo exchanges—have not been retained. (*Id*. at 8–10.)

The Government argues a two-part test determines undue, prejudicial delay: first demonstrating "actual, non-speculative prejudice" and next demonstrating why "the delay, when weighed in the context of the reasons that led to it 'offends fundamental conceptions of justice which lie at the base of our civil and political institutions.' [Citation.]" (ECF No. 73 at 6.) The Government argues that Defendant's motion fails to satisfy this test because K.G. "had good reasons for the delay, given her [credible] fear that [Defendant] would harm her and other victims. K.G.'s fear was well-founded; among other threatening behavior, he threatened to kill another of

3

his victims. [Citation.] Delay resulting from a victim's genuine fear of coming forward does not reflect bad faith by the government" because "delay can [also] frequently stem from the trauma that sexual assault inflicts on its victims" and "does not offend notions of fairness or indicate tactical delay by the prosecution." (*Id.* at 6, 8–9; ECF No. 83.)

The Government is correct. "The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay. We scrutinize a violation of this guarantee under a two-pronged test. First, [defendants] must prove they suffered actual, non-speculative prejudice from the delay. [Citations]. Second, they must show that the delay, when balanced against the prosecution's reasons for it, offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *United States v. Sherlock*, 962 F.2d 1349, 1353–54 (9th Cir. 1989); *see also United States v. Lovasco*, 431 U.S. 783, 789–90 (1977) (*Lovasco*); *United States v. Moran*, 759 F.2d 777, 781–82 (9th Cir. 1985).

Defendant cannot show actual prejudice for two reasons. First, the harm alleged has been ruled speculative. *See United States v. Marion*, 404 U.S. 307, 325–26 (1971). In *Marion*, the Court found that where "[a]ppellees rely solely on the real possibility of prejudice inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost . . . these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. Events of the trial may demonstrate actual prejudice, but at the present time appellees' due process claims are speculative and premature." *Id*. Defendant's arguments, therefore, hold no weight here.

Second, the amount of time of the prosecution's delay did not prejudicially harm Defendant. *See Marion*, 404 U.S. at 325–26 (no prejudice despite 38-month delay). "[I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused,' [citation] precisely because investigative delay is not so one-sided. Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. Penalizing prosecutors who defer action for these reasons would subordinate the goal of 'orderly expedition' to that of 'mere speed,' [citation].

This the Due Process Clause does not require.  We therefore hold that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Lovasco*, 431 U.S. at 795–96.

Defendant surmounts neither prong of this two-part test; accordingly, the Court finds no undue, prejudicial pre-indictment delay.

## CONCLUSION

Accordingly, the Court DENIES Defendant's motion to dismiss.  (ECF No. 67.)

IT IS SO ORDERED.

Dated:   July 13, 2023

UNITED STATES DISTRICT JUDGE