**TORRES | TORRES-STALLINGS**
**A LAW CORPORATION**
David A. Torres, State Bar No. 135059
1318 "K" Street
Bakersfield, CA 93301
Tel: (661) 326-0857
Email: dtorres@lawtorres.com

Attorneys for Defendant
Charles Barrett

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES BARRETT,<br><br>Defendant | Case No.: 1:22-cr-00213 ADA-BAM<br><br>**NOTICE OF MOTION AND MOTION TO RELEASE CHARLES BARRETT ON A COMBINATION OF FACTORS AND/OR CONDITIONS; POINTS AND AUTHORITIES, HEREIN**<br><br>**Date: September 6, 2023**<br>**Time: 2: 00 p.m.**<br>**Judge Sheila K. Oberto** |

**TO:** TO: THE CLERK OF THE UNITED STATES DISTRICT COURT; THE HONORABLE SHEILS K. OBERTO, UNITED STATES MAGISTRATE COURT JUDGE; PHILIP A. TALBERT, UNITED STATES ATTORNEY; ARIN C. HEINZ AND MICHAEL TIERNEY, ASSISTANT UNITED STATES ATTORNEYS FOR PLAINTIFF:

    This matter comes before the Court on motion by the Defendant, Charles Barrett, requesting a combination of factors and/or conditions pending trial. Mr. Barrett is charged in a criminal complaint of 18 USC §§§2241(a)(1), 2244(b), and 2253(a)(2) and 2253(a)(3), aggravated sexual abuse, abuse sexual contact, and criminal forfeiture, respectively.

1

## I. THIRD PARTY CUSTODIAN'S BACKGROUND

Richard Newton, a family friend and close friend of Mr. Barrett, whom he has known for well over thirty years, will act as a third-party custodian. Mr. Newton is retired and lives in Santa Rosa, California. Mr. Newton has the resources to provide the proper accommodation to ensure Mr. Barett will have a place to reside throughout the pendency of this case. Mr. Newton owns a large scale of land in the Santas Rosa, CA area. The land consists of a main house, in which Mr. Newtons mother resides alone. Mr. Newton has additional living quarters, separate from the main house, in which resides. Mr. Newton confirmed he has room to allow Mr. Barret to reside with him. Mr. Newton's property sits on almost 9 acres of land. As such, there are daily chores which must be completed to maintain the land. Mr. Barrett will be required to perform daily tasks such as trimming trees, repairing and building fences, and landscaping.

Mr. Barrett has agreed to attend alcoholic treatment programs in the Northern District along with any other programs the court deems appropriate. Mr. Newton has agreed to ensure Mr. Barret will abstain from any drug or alcohol use. Because of their close and long-term friendship, Mr. Newton will make all reasonable efforts to ensure Mr. Barrett abides by the terms and conditions of release.

## ARGUMENT

## II. STANDARD OF REVIEW

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required for the safety of any other person and the community. 18 U.S.C. § 3142(e).

The basic principle is "only in rare circumstances should release be denied." *U.S. v. Motamedi*, 767 F.2d1403, 1405 (9th Cir. 1985); *see also U.S. v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The Court's decision is guided by the factors set forth in 18 U.S.C. § 3142(g). These factors are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g) In order to obtain a detention order, the Government must demonstrate either (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005), citing 18 U.S.C. § 3142(f)(2); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

**III.   THERE ARE FACTORS OR A COMBINATION OF FACTORS OR CONDITIONS WHICH WILL REASONABLY ASSURE MR. BARRETT'S APPEARANCE**

**a.   The History and Characteristics of the Person**

Mr. Barrett was born in San Francisco, California but was raised by his mother and father in Santa Rosa, California. He is an avid climber through out the United States, but more

specifically in the northern California area. At the previous detention hearing, the Government argued that "the defendant is a professional rock climber and sort of, almost by definition, is a transient individual." This is not the case. Mr. Barrett understands the importance of the charges alleged against him and will reside in one location, as ordered by the court to ensure his appearance at all court hearings.

**b. The Nature and Seriousness of the Danger to any Person or the Community that would be Posed by Mr. Barret's Release**

The Government may contend that pretrial detention of Mr. Barrett is to ensure his appearance and the safety of other persons and the community.  With reference to danger, the defendant must present a future "identified and articulable threat to an individual or the community." *Salerno*, 481 U.S. at 751. The government must show, with specificity, the person or persons who are in potential future danger and why conditions cannot be fashioned to protect them.  "The mere fact that the defendant is charged with a crime cannot be used as a basis for a determination of dangerousness." *U.S. v. Scott*, 450 F.3d 863, 874 n.15 (9th Cir. 2006).

Mr. Barrett does not pose a threat of danger to the community or other people. He further agrees to avoid all contact, directly or indirectly (including by any electronic means), with any known victims in this matter. Moreover, Mr. Barrett agrees to be prohibited from using any electronic devices which have internet access as a term of his condition of release. He agrees to submit to the search of his person or property by the Supervising Agency. Moreover, he agrees to the application of a Global Positioning System monitor as well as a SCRAM device which detects alcohol entering his system. These factors, and those mentioned below, when weighed together, ensure that Mr. Barrett will appear during this case and that he is not a flight risk.

**Combination of Factors Supporting Release**

Mr. Richard Newton, a long-time friend of Mr. Barrett, has agreed to serve as a Third-Party Custodian (herein after "TPC"). Mr. Newton understands the role and responsibility he has as a TPC and agrees to serve in said capacity on behalf of Mr. Barrett. In addition, Ron Barrett, Mr. Barrett's father, has agreed to post a full property bond. The home is located in South Dakota and has equity worth approximately $20,000. Hence, the following conditions/factors are available to ensure Mr. Barrett returns to court:

- Mr. Barrett willing to wear a GPS and SCRAM monitor (if available);
- Mr. Barrett willing to waive 4th Amendment safeguards;
- Family willing to provide equity in real estate: $20,000;
- Friend members willing to serve as TPC.
- Travel restrictions within the Northern District of California.

### III.   CONCLUSION

Based upon the foregoing, Mr. Barrett requests that the Court finds a combination of factors and/or conditions exist supporting the release of Mr. Barrett. He will appear at all pretrial proceedings in this case, and there is no lawful basis for his pretrial detention.

Dated: August 25, 2023                                             Respectfully Submitted,

                                                                            */s/David A. Torres*
                                                               David A. Torres
                                                          Attorney for Charles Barrett