1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                No.  1:22-cr-00213-ADA-BAM-1

12                      Plaintiff,

13          v.                                ORDER DENYING DEFENDANT'S
                                              MOTION TO COMPEL K.G.'S
14   CHARLES BARRETT,                         PSYCHIATRIC RECORDS

15                      Defendant.            (ECF Nos. 103, 130)

16

17                                            **I.**

18                                      **Background**

19          The day before a pretrial hearing on motions in limine concerning Federal Rule of Evidence

20   412, Defendant Charles Barrett filed a document titled "Defendant's Reply to Government's

21   Opposition to Defendant's FRE 412 and Witness Competency Supplemental Motion in Limine."

22   (ECF No. 103.)  This filing contained no briefing regarding Rule 412 and instead, it introduced, for

23   the first time, arguments seeking to compel the production of certain psychiatric records related to

24   K.G.  (*Id.*)  The Court subsequently vacated the Rule 412 hearing to allow the parties to brief the

25   issue.  (*See* ECF No. 104.)  The Government filed its brief on August 10, 2023, and Defendant

26   responded on September 12, 2023.  (ECF Nos. 107, 130.)  Trenton Norris and Joseph Spoerl of

27   Hogan Lovells entered their appearances on behalf of K.G. and filed an opposition to Defendant's

28

1    request on October 16, 2023.[1]  (ECF Nos. 114, 115, 141.)

2                                             **II.**

3                                       **Discussion**

4            After reviewing the parties' briefs, the Court must deny Defendant's motion as presented.

5    While Defendant's motion raises valid questions about the relevance of mental health records and

6    the scope of the psychotherapist privilege in this proceeding, it fails to present those arguments in

7    a vehicle by which the Court can address them.  This threshold question – what constitutional or

8    statutory provision entitles Defendant to obtain K.G.'s psychiatric records from an unidentified

9    third party – receives little attention in the briefing.  Defendant's cursory references to *Brady* and

10   the Confrontation Clause evince an unarticulated confidence that somehow the Constitution must

11   provide an answer.  (*See* ECF No. 103 at 2–3, 5.)  It is well established, however, that "[t]here is

12   no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey*, 429 U.S.

13   545, 559 (1977); *see also United States v. Lucas*, 841 F.3d 796, 809 (9th Cir. 2016).  As discussed

14   below, Defendant has made an insufficient showing to convince the Court that this rule should not

15   apply in his case.

16   **A.      K.G.'s psychiatric records are not *Brady* material.**

17           In criminal cases, due process requires the government to disclose "evidence that is both

18   favorable to the accused and 'material either to guilt or to punishment.'"  *United States v. Bagley*,

19   473 U.S. 667, 674 (1985) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)); *see also Giglio v.*

20   *United States*, 405 U.S. 150, 153–54 (1972) (applying *Brady* standard to impeachment evidence).

21   Evidence is favorable when it "would tend to call the government's case into doubt."  *Milke v.*

22   *Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013).  It is material if its introduction "could reasonably be

23   taken to put the whole case in such a different light as to undermine confidence in the verdict."

---

24   [1] K.G.'s attorneys provided a copy of their opposition, along with a request to seal, by email to the Court on
     September 23, 2023.  Neither the Government nor Defendant were cc'd on that email.  The Court granted the request

25   to seal on September 26, 2023.  (ECF No. 139.)  K.G.'s attorneys, however, did not file their opposition on the
     docket until October 16, 2023.  (ECF No. 141.)  Pursuant to the timelines in the parties' September 5, 2023 stipulated

26   briefing schedule, Defendant would have had one week from the filing of the opposition to file a reply brief.  (*See*
     ECF No. 118.)  A week has now passed since the docketing of K.G.'s opposition, and Defendant has not filed a

27   reply.  As discussed below, the Court has determined, based on the briefing that Defendant has already provided, that
     it is premature to address the parties' substantive arguments.  It would, therefore, be unnecessary at this point to

28   review briefing from Defendant that is responsive to K.G.'s opposition.

*Kyles v. Whitley*, 514 U.S. 419, 435 (1995).  Evidence that a witness has been diagnosed with a severe mental illness that would impair his or her ability to perceive or tell the truth is both favorable and material.  *Gonzalez v. Wong*, 667 F.3d 965, 983–84 (9th Cir. 2011) (citing *United States v. Butt*, 955 F.2d 77, 82–83 (1st Cir. 1992)).

The government's *Brady* obligations, however, extend only to those materials within its possession and control.  *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991).  While an "individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles*, 514 U.S. at 437, that prosecutor has no obligation to seek out records or investigate information not in its possession or the possession of another government agency.  *See United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (citing *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)); *see also United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985) (discussing discovery obligations under Federal Rule of Criminal Procedure 16).

Here, the Government has asserted that it is not in possession of psychiatric records related to K.G.  (ECF No. 107 at 5.)  Defendant has not given the Court a reason to doubt this assertion.  In the absence of any indication that the Government possesses the records in question, Defendant's citation to *Roberts v. Broomfield*, 637 F. Supp. 3d 872 (E.D. Cal. 2022), is inapposite.  There, the court found a *Brady* violation where the prosecution failed to disclose information in its file from the California Department of Corrections and Rehabilitation about a witness's mental health history.  *Id.* at 919–20.  In Defendant's case, however, K.G.'s psychiatric records are neither in the prosecution's possession nor the product of another government agency's files.  Compelling disclosure under *Brady* would, therefore, be inappropriate.

## B.     The Confrontation Clause does not compel pretrial discovery.

To the extent that Defendant makes a freestanding motion to compel discovery under the Confrontation Clause, his request must fail.  "The Confrontation Clause does not require that the prosecution disclose evidence that would help the defense effectively cross-examine a prosecution witness; the Confrontation Clause is not 'a constitutionally compelled rule of pretrial discovery.'" *Coleman v. Calderon*, 150 F.3d 1105, 1112 (9th Cir. 1998), *rev'd on other grounds sub nom.*

*Calderon v. Coleman*, 525 U.S. 141 (1998) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 53 (1987) (plurality opinion)); *see also United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009).  Here, while Defendant seeks disclosure from a third party rather than the Government, this motion has given the Court no reason to hold that the Confrontation Clause operates differently in such a context.

### III.

### Conclusion

As discussed above, Defendant's assertion of a freestanding constitutional right to obtain K.G.'s psychiatric records – to the extent his briefing even makes such an assertion – must fail.  As both the Government and K.G. point out, there may be non-constitutional avenues – such as a Federal Rule of Criminal Procedure 17(c) subpoena – by which Defendant could seek K.G.'s records.  (*See* ECF No. 107 at 6; ECF No. 141 at 5.)  Defendant does not, however, mention Rule 17(c), much less address the standard for the issuance of such a subpoena.  Nor is it apparent that Defendant knows the name or address of any person to whom, or entity to which, to direct a subpoena.  Addressing the parties' substantive evidentiary arguments, therefore, would be premature and purely advisory at this point.  To the extent Defendant's briefing could be construed as a motion in limine to permit cross-examination of K.G. based on evidence of her mental health that Defendant has already received through discovery, the Court declines to address that issue at this time.

Accordingly,

1. Defendant's motion to compel K.G.'s psychiatric records, (ECF No. 103, 130), is denied.

IT IS SO ORDERED.

Dated:   <u>October 24, 2023</u>

_____
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28