**TORRES | TORRES-STALLINGS**
**A LAW CORPORATION**
David A. Torres, State Bar No. 135059
1318 "K" Street
Bakersfield, CA 93301
Tel: (661) 326-0857
Email: dtorres@lawtorres.com

Attorneys for Defendant
CHARLES BARRETT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES BARRETT,<br><br>Defendant | Case No.: 1:22-cr-00213 ADA-BAM<br><br>**NOTICE OF MOTION AND MOTION TO RELEASE CHARLES BARRETT ON A COMBINATION OF FACTORS AND/OR CONDITIONS; POINTS AND AUTHORITIES, HEREIN**<br><br>**Date: December 18, 2023**<br>**Time: 2: 00 p.m.**<br><br>**MAGISTRATE ERICA P. GROSJEAN** |

**TO:** TO: THE CLERK OF THE UNITED STATES DISTRICT COURT; THE HONORABLE ERICA P. GROSJEAN, UNITED STATES MAGISTRATE COURT JUDGE; PHILIP A. TALBERT, UNITED STATES ATTORNEY; ARIN C. HEINZ AND MICHAEL TIERNEY, ASSISTANT UNITED STATES ATTORNEYS FOR PLAINTIFF:

This matter comes before the Court on motion by the Defendant, Charles Barrett, requesting a combination of factors and/or conditions pending trial. Mr. Barrett is charged in a criminal

1

complaint of 18 USC §§§2241(a)(1), 2244(b), and 2253(a)(2) and 2253(a)(3), aggravated sexual abuse, abuse sexual contact, and criminal forfeiture, respectively.

I.  **PROPOSED THIRD PARTY CUSTODIAN / SECURED PROPERTY**

Mr. Barrett's mother, Joan Wyman, has agreed to serve as third party custodian. She resides at 2164 Mt. Oloive Drive, Santa Rosa, CA 95404. Her contact number is 707-217-6885. Ms. Wyatt was born on December 7, 1953. She is currently retired having previously worked in the Golden Gate Bridge District with the San Francisco Police Department as a station officer and as a parking enforcement officer. Ms. Wyatt does not have a criminal history, nor does she abuse alcohol or narcotics. Ms. Wyatt lives alone, however, she does have a brother and a son who reside approximately 10 miles from her home. I have informed Ms. Wyatt that the court may consider 24-hour home confinement. She is prepared to accept whatever terms and conditions set by the court.

Defendant Charles Barrett has agreed to attend alcohol treatment programs in the Northern District along with any other programs the court deems appropriate. Ms. Wyatt has agreed to ensure Mr. Barret will abstain from drug or alcohol use. Ms. Wyatt is committed to ensuring Mr. Barrett abides by the terms and conditions of release.

Defendant Charles Barrett's father, Ronald, has agreed to place his home in South Dakota as property securing his son's release. Ronald Barrett is a retired police officer. It is believed the total value of his home is $40,000.

# ARGUMENT

## II. STANDARD OF REVIEW

The Bail Reform Act provides that a defendant shall be detained only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required for the safety of any other person and the community. 18 U.S.C. § 3142(e). The basic principle is "only in rare circumstances should release be denied." *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985); *see also U.S. v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The Court's decision is guided by the factors set forth in 18 U.S.C. § 3142(g). These factors are (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person" including, among other factors, family ties, employment, financial resources, past conduct, criminal history, and whether the person was on release pending trial; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g) In order to obtain a detention order, the Government must demonstrate either (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005), citing 18 U.S.C. § 3142(f)(2); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

### III. THERE ARE FACTORS OR A COMBINATION OF FACTORS OR CONDITIONS WHICH WILL REASONABLY ASSURE MR. BARRETT'S APPEARANCE

**a. The History and Characteristics of the Person**

At the previous detention hearing, the Government argued that "the defendant is a professional rock climber and sort of, almost by definition, is a transient individual." This is not the case. Mr. Barrett understands the importance of the charges alleged against him and will reside in one location, as ordered by the court, to ensure his appearance at all court hearings.

**b. The Nature and Seriousness of the Danger to any Person or the Community that would be Posed by Mr. Barrett's Release**

The Government may contend that the pretrial detention of Mr. Barrett is to ensure his appearance and the safety of other persons and the community. With reference to danger, the defendant must present a future "identified and articulable threat to an individual or the community." *Salerno*, 481 U.S. at 751. The government must show, with specificity, the person or persons who are in potential future danger and why conditions cannot be fashioned to protect them. "The mere fact that the defendant is charged with a crime cannot be used as a basis for a determination of dangerousness." *U.S. v. Scott*, 450 F.3d 863, 874 n.15 (9th Cir. 2006).

Mr. Barrett does not pose a threat of danger to the community or other people. He further agrees to avoid all contact, directly or indirectly (including by any electronic means), with any known victims in this matter. Moreover, Mr. Barrett agrees to be prohibited from using any electronic devices which have internet access as a term of his condition of release. He agrees to submit to the search of his person or property by the Supervising Agency. Moreover, he agrees to the application of a Global Positioning System monitor including alcohol testing. These factors,

and those mentioned below, when weighed together, ensure that Mr. Barrett will appear during this case and that he is neither a flight risk nor a danger to the community or the alleged victims.

**c. Combination of Factors Supporting Release**

Ms. Joan Wyatt, the defendant's mother, has agreed to serve as a Third-Party Custodian (herein after "TPC"). Ms. Wyatt understands the role and responsibility she has as a TPC and agrees to serve in said capacity on behalf of Mr. Barrett. In addition, Ron Barrett, Mr. Barrett's father, has agreed to post a full property bond. The home is located in South Dakota and has equity worth approximately $20,000 (total value approximately $40,000). Hence, the following conditions/factors are available to ensure Mr. Barrett returns to court:

- Mr. Barrett willing to wear a GPS monitor and alcohol testing;
- Mr. Barrett willing to waive 4th Amendment safeguards;
- Father willing to provide equity in real estate: $20,000;
- Mother is willing to serve as TPC.
- Travel restrictions within the Northern District of California.

### III.   CONCLUSION

Based upon the foregoing, Mr. Barrett requests that the Court finds a combination of factors and/or conditions exist supporting the release of Mr. Barrett. He will appear at all pretrial proceedings in this case, and there is no lawful basis for his pretrial detention.

Dated: December 7, 2023

                                                   Respectfully Submitted,

                                           **/s/David A. Torres**
                                            David A. Torres
                                        Attorney for Charles Barrett