PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00213-ADA-BAM |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR BAIL REVIEW |
| v. | |
| CHARLES BARRETT, | HEARING DATE: December 18, 2023<br>TIME: 2:00 p.m.<br>COURT: Hon. Erica P. Grosjean |
| Defendant. | |

Defendant Charles Barrett presents an ongoing and substantial danger to the community. While in pretrial detention, he has attempted to obstruct justice and threatened the victims in this case. Based on this record, no condition or combination of conditions can protect the victims or the community from Barrett. The Court should therefore deny Barrett's "Notice of Motion and Motion to Release Charles Barrett on a Combination of Factors and/or Conditions," ECF 158 (the "Bail Review Motion").

## BACKGROUND

Barrett previously sought bail review in August 2023. ECF 111. The United States opposed this initial effort. ECF 116 ("Government's Initial Opposition").[1] The United States incorporates the entirety of that filing here. As the Government's Initial Opposition details, the Indictment charges

---

[1] After the United States filed the Government's Initial Opposition, Barrett withdrew his motion prior to a hearing. ECF 119, 120.

1

Barrett with violent sexual assaults on a single victim in Yosemite National Park.  ECF 116 at 1-2.  Three other victims provided detailed accounts of similar sexual violence by Barrett and will be testifying at trial against Barrett.  *Id*. at 2, ECF 85 at 10.  Prior to the grand jury returning the Indictment, Barrett engaged in serial acts of intimidation, obstruction of justice, and retaliation against victims and others who—in his view—harmed him.  ECF 116 at 2-3.

Following his arrest on the Indictment, a Pretrial Services Officer recommended, and Magistrate Judge McAuliffe held, that Barrett should be detained as a danger to the community.  ECF 116 at 3-4; PTS Report at 6.  Though confined, Barrett threatened the victims.  In a jail call in October 2022 Barrett told a friend that "something will happen" to the victims, whether "in the courts or not."  ECF 81 at 3.  Though the friend warned him not to, Barrett continued the threat by saying that he had "people in here" (Fresno County Jail), which was a place "with murderers."  *Id*.

Barrett tried to fabricate evidence in other jail calls.  ECF 50 at 5.  Barrett and a friend discussed forging a victim's signature on a note that would undermine her claims.  ECF 85 at 12-13.[2]

## ARGUMENT

**A.  Barrett fails to cite material new information not known at the detention hearing.**

The Bail Review Motion's offer of a different third-party custodian is insufficient to reopen a detention hearing.  Reopening a hearing requires information "not known to the movant at the time of the hearing;" nominating a close relative as a custodian does not qualify.  *United States v. Young*, No. 2:13-CR00149-KJD-CWH, 2014 WL 11380770, at *3 (D. Nev. Feb. 25, 2014); *United States v. Bowens*, No. CR07 544 2PHX ROSECV, 2007 WL 2220501, at *3 (D. Ariz. July 31, 2007).  That is particularly the case because Judge McAuliffe already considered a third party-custodian proposed by Barrett.  PTS Report at 2.  Like the current proposed custodian, previously proposed custodian R.N. was evidently law-abiding, free from addiction issues, and willing to host Barrett.  *Id*.  Indeed, the Pretrial Services Officer believed that R.N. was suitable should the Court order release.  *Id*.  Yet the Pretrial Services Officer concluded that even a suitable custodian could not protect the community from Barrett.

---

[2] The District Court ruled that though there were possible innocent explanations for Barrett's statements, the United States could admit the calls under Federal Rule of Evidence 404(b) to show Barrett's consciousness of guilt.  ECF 85 at 12-13.

2

*Id.* at 6. The Bail Review Motion therefore offers nothing new. The Court has previously reviewed and rejected a custodian and substituting a different custodian is not a material change. The Bail Review Motion is thus insufficient and the Court should deny it.[3]

### B. Barrett remains a continuing danger to the community and should be detained.

As the Government's Initial Opposition demonstrated, Judge McAuliffe's initial detention determination was correct. Barrett is and remains an extraordinarily high danger to the community—most particularly the victims and witnesses in this case. ECF 116 at 5.

Here, each of the Bail Reform Act's criteria point to Barrett's continued detention.

<u>The nature and circumstances of the offense: 18 U.S.C. § 3142(g)(1)</u>

The Indictment charges Barrett with two counts of Aggravated Sexual Abuse in violation of 18. U.S.C. § 2241(a)(2). Indictment, ECF 1 at 1-2. "Just one count of aggravated sexual abuse may necessitate pretrial detention. . . .. Although sexual assault is rarely prosecuted under federal law, pretrial detention is regularly imposed across a swath of state jurisdictions given the severity of the charge." *United States v. Raymond*, No. CR 21-380 (CKK), 2023 WL 3040453, at *5 (D.D.C. Apr. 21, 2023) (citations omitted). The severity of the conduct—violent sexual assaults in Yosemite National Park for which life terms in prison are authorized—strongly weighs in favor of detention.

<u>The weight of the evidence against Barrett: 18 U.S.C. § 3142(g)(2)</u>

This is the "least important factor." *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008). A single victim's detailed recounting of a sexual assault may alone satisfy this factor, *United States v. Sloan*, No. 18-CR-205-CVE, 2018 WL 5017617, at *3 (N.D. Okla. Oct. 16, 2018), but in this case the District Court has noted that several additional victims have described Barrett sexual assaulting them similar to the charged assaults. ECF 85 at 7-8. The evidence is sufficiently strong to support detention.

<u>Barrett's history and characteristics: 18 U.S.C. § 3142(g)(3)</u>

Barrett's history displays instability and a significant criminal record. Defendants with

---

[3] None of the Bail Review Motion's other proposed conditions is new. Chiefly, it offers substance abuse treatment, location monitoring, and a secured bond on Barrett's father's residence in South Dakota. *Id.* at 5. Pretrial Services and the Court already considered and found wanting these conditions. PTS Report at 3 (secured bond on father's residence); 4 (substance abuse treatment); 5 (location monitoring).

personal histories of stability and law-abidingness are favored for release, *Hir*, 517 F.3d at 1091. Barrett, however, was "living out of his car" at the time of arrest. PTS Report at 5.[4] Barrett has not been law-abiding: he has convictions involving property damage, personal violence, trespassing, and threats. PTS Report at 4-5. He threatened to commit suicide after the charged offense and threatened to either commit suicide or kill one of his victims in early 2022. ECF 116 at 4, 8. He also sustained two DUI convictions. Barrett's history weighs towards detention.

<u>Barrett's danger to any person and the community should he be released: 18 U.S.C. § 3142(g)(4)</u>

As the District Court has noted, there is credible evidence suggesting that Barrett sexually assaulted at least four victims (comprising at least five separate assaults) in a six-year span. ECF 116 at 5; ECF 85 at 8-9. Barrett engaged in repeated acts of witness intimidation and retaliation both prior to the Indictment and afterward. ECF 116 at 2-4. Witness intimidation represents a danger to the community. *United States v. Zherka*, 592 Fed. App'x 35, 35 (2d Cir. 2015); (noting that obstruction of justice can qualify as a danger to the community"); *United States v. Gamble*, No. CR 19-348 (CKK), 2019 WL 6877755, at *6 (D.D.C. Dec. 17, 2019). Clear and convincing evidence accordingly establishes that Barrett is a danger to the community.

The Bail Review Motion notes that danger is most acute when there is an "identified and articulable threat," as opposed to more generalized forms of danger. *Id.* at 4, quoting *United States v. Salerno*, 481 U.S. 739, 751 (1987). Concrete threats exist here: to the charged victim, as well as to each of the other victims who have described Barrett's sexual assaults. Barrett has threatened them both individually and collectively. ECF 116 at 3-4. As the Supreme Court concluded in *Salerno*, a court "may disable [an] arrestee from executing that threat" by ordering pretrial detention. Judge McAuliffe did so in this case, and that decision was correct.

<u>Whether Barrett will follow any conditions of release</u>

Barrett's danger cannot be mitigated because it is unlikely he would follow conditions of release. Where there is an "unacceptably high risk" that a defendant will not comply in good faith with any

---

[4] The Bail Review Motion states that it "is not the case" that Barrett is a transient. *Id.* at 4. But this is couched in terms of Barrett not being transient in the future. *Id.* Barrett's statements to Pretrial Services reflect that he was a transient, and as Barrett noted in another filing, mountain climbers are often "itinerant and hard to trace." ECF 68 at 10.

conditions the Court sets, detention is proper. *Hir*, 517 F.3d at 1093. Barrett violated conditions of release in a prior federal case and also violated probation in two state cases. PTS Report at 4-5. Barrett has apparently also explored whether, if released, he could surreptitiously live with someone other than a custodian.[5] But most troublingly, the most restrictive pretrial condition available to the Court has already failed to halt Barrett's lawlessness and danger—he attempted to obstruct justice through witness intimidation and evidence fabrication while in pretrial detention. ECF 116 at 5. There is no reason to believe that lessening restrictions would do anything other than place victims in danger and make easier Barrett's future attempts to obstruct justice. *Id.*

**CONCLUSION**

This case involves a defendant—Charles Barrett—charged with violent sexual assaults. Credible evidence indicates Barrett committed several other sexual assaults over the course of several years. Both before and after those assaults, Barrett intimidated witnesses, obstructed justice, and threatened and harassed victims. Clear and convincing evidence demonstrates that Barrett is a danger to the victims that no condition or combination of conditions can alleviate. The Bail Review Motion offers no materially new information nor any reason to reconsider this evidence. The Court should deny it.

Dated: December 14, 2023

                                                PHILLIP A. TALBERT
                                                United States Attorney

By:  /s/ Michael G. Tierney
      ARIN C. HEINZ
      MICHAEL G. TIERNEY
      Assistant United States Attorneys

---

[5] On an October 9, 2023 jail call with his prior proposed custodian R.N., Barrett asked whether he could live with R.N. even if his mother were to be named his custodian. R.N. responded: "Well… you, I guess you could on the sly. I don't know if they check up on her or if you have a… depends if you're gonna get an ankle monitor or not. If you're just going to be let loose to her then I guess you can hang over here." Barrett responded "Huh." Ex. 1, at 6:48-8:20. R.N. did later note that restrictions on Barrett's movements would be determined by a judge and might include confinement to a house. *Id.* But Pretrial Services had discussed location monitoring with Barrett and R.N. during the original detention proceeding. PTS Report at 2,5. So the references to being "on the sly" and visiting or living with R.N. even with another person set as the custodian at the least raise troubling questions regarding Barrett's propensity to follow any conditions of release.