UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BARRETT,<br><br>Defendant. | 1:22-cr-00213-JAM-BAM<br><br>ORDER AFTER *IN CAMERA* REVIEW |

On January 18, 2024, the parties in this matter appeared for a Status Conference re Subpoenaed Documents. As set forth more fully in the docket, and by agreement of the parties, Defendant Barrett subpoenaed four mental health care providers of the victim in this case to produce the victim's mental health records. (*See*, *e.g.*, Doc. 146.) Based on the process agreed to by the parties, the documents produced by the providers were submitted to the Court and also to the victim's attorneys who redacted the documents based on the victim's psychotherapist/patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.")

The privilege-redacted documents were then provided to the Court for an *in camera* review to determine whether the psychotherapist/patient privilege had been appropriately applied.

The victim's counsel submitted to the Court redacted documents for two providers: Dr. David H. Taylor and Dr. Madeleine Lansky. The proposed redactions were highlighted in red in the documents in a manner which permitted to Court to review the information proposed to be redacted. As explained more fully at the hearing, the following types of information was redacted: all diagnoses; all prescriptions of medications; and all communications in the sessions or patient notes. Not redacted was contact information for plaintiff, dates of sessions, provider of sessions, and pre-printed words on session forms/notes.

After review of the redacted documents, and in light of the authorities provided by the parties in their briefing on the issue of the psychotherapist/patient privilege,[1] the Court finds the redactions based on the psychotherapist/patient privilege are appropriate. Defendant is not entitled to the communications, diagnoses, or medications contained in the mental health records. This type of information is privileged as embodying the communications with and impressions of the psychotherapist. Indeed, if medications or diagnoses were disclosed, a defense expert could "reverse engineer" the information to determine psychotherapist communications; and thus, undermine the privilege.

Further, Defendant is not entitled to documents outside the time period requested (May 2014 through August 2018) and these documents do not have to be produced. In fact, as acknowledged by the parties, the victim was a minor until May 2014 and such documents while the victim was a minor are not to be produced.

**Order**

Based on the above, the Court finds that the redactions of the mental health records are appropriate based on the psychotherapist/patient privilege. Counsel for victim K.G. is directed to produce to the parties in this case the redacted documents for the time period May 2014 through August 2018.

///

---

[1] *See* Doc. 107 (government's privilege standards in its motion in limine regarding the victim's mental health records); Doc. 130 ((sealed) Defendant's response to government motion regarding the victim's mental health records); Doc. 141 ((sealed) Victim's opposition to discovery of mental health records.))

Pursuant to the parties' stipulation, review, possession, and dissemination of this information shall be limited to attorneys' eyes only, as well as to any expert consultants used by the Government and the Defendant.

IT IS SO ORDERED.

Dated: **January 18, 2024**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE