PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BARRETT, <br><br> Defendant. | CASE NO.  1:22-CR-00213-JAM-BAM <br><br> GOVERNMENT'S TRIAL BRIEF <br><br> TRIAL DATE: February 5, 2024 <br> COURT: Hon. John A. Mendez |

The United States of America files this trial brief to aid the Court with possible trial issues.

## I.  INTRODUCTION

Trial is set to begin Monday, February 5, 2024, before the Honorable John A. Mendez, United States District Judge.  The defendant is currently in custody.  The Government estimates presenting its case in 10 court days, assuming the court days are approximately 5 hours long (from 9 am to 2 pm). Trial by jury has not been waived by either party at this time.  The Government expects to call approximately 12 witnesses in its case-in-chief and/or as potential rebuttal witnesses.

The defendant is charged in a three-count indictment.  The indictment charges three separate incidents of sexual assault in Yosemite National Park. Counts One and Three charge the defendant with violating 18 U.S.C § 2241(a)(1) (Aggravated Sexual Abuse) and Count Two charges the defendant with violating 18 U.S.C § 2244(b)(2) (Abusive Sexual Contact).  As discussed in further detail below in Sections II and III.C, each of the charged instances of sexual assault relate to a single victim.  The

United States will also present evidence from three additional victims whom Barrett sexually assaulted before and after the charged crimes.

## II. PROPOSED NEUTRAL STATEMENT OF THE CASE

The defendant is charged in a three-count indictment arising from a weekend in Yosemite National Park. He is alleged to have assaulted the victim, K.G. three separate times. Count One charges the defendant with violating 18 U.S.C § 2241(a)(1) (Aggravated Sexual Abuse) for a sexual assault that occurred in a meadow. Count Two charges the defendant with violating 18 U.S.C § 2244(b)(2) (Abusive Sexual Contact) for a sexual assault that occurred by a river. Count Three charges the defendant with violating 18 U.S.C § 2241(a)(1) (Aggravated Sexual Abuse) for a sexual assault that occurred in a shower.

## III. STATEMENT OF RELEVANT FACTS

On the morning of August 13, 2016, K.G. drove to Yosemite National Park for a weekend of hiking. She messaged Mr. Barrett to request hiking recommendations. Barrett a hike to her.  She agreed to meet Barrett after her hike and did meet with Barrett and a group of his friends that evening. At that gathering, Barrett invited her to watch a meteor shower with him and his friends later that evening and she agreed.

That night, Barrett led K.G. to a spot in the woods where K.G. believed others would be meeting them. He stopped at a rock protruding from the ground, laid out a blanket and motioned for K.G. to sit down. After they sat on the blanket, Barrett immediately started aggressively kissing K.G.  K.G. told Barrett to stop but he did not. A struggle ensued that caused K.G.'s nose ring to get ripped out of her nose. Barrett strangled K.G. and forcibly penetrated K.G., both vaginally and anally, without her consent.

After the sexual assault, Barrett led K.G. back to his employee cabin. The next day, K.G. went on a hike while Barrett went to work.  She considered trying to leave but she felt trapped. After the hike, Barrett met K.G. and took her on a hike and the two swam in a river. While sitting near the river, Barrett forcibly digitally penetrated K.G. without her consent.  Barrett later led her to showers in the housing area where Barrett lived. In the showers, Barrett sexually assaulted K.G. for a third time. Barrett pushed

K.G. into the corner against the shower wall and penetrated her vaginally and anally without her consent.

The next morning, K.G. went to breakfast and then on a hike with Barrett. When she felt like she could safely escape without angering him, she drove home. Ultimately, on April 16, 2020, K.G. reported the sexual assaults to Yosemite National Park Dispatch.

## IV. TRIAL ISSUES

### A. Charged Statutes and Elements

#### 1. Counts One and Three: Aggravated Sexual Abuse

Title 18 U.S.C. § 2241(a)(1) provides:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly causes another person to engage in a sexual act –
>
> …
>
> (1) by using force or placing that other person in fear
>
> …
>
> or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

The term "sexual act" includes "contact between the penis and the vulva or the penis and the anus." 18 U.S.C. § 2246(2)(A).

The elements are:

- First, the defendant knowingly used force to cause K.G. to engage in a sexual act and;
- Second, the offense was committed within the special maritime and territorial jurisdiction of the United States.

*See* Ninth Cir. Model Crim. J. Inst. 20.1 (Aggravated Sexual Abuse).

#### 2. Count Two: Abusive Sexual Contact

Title 18 U.S.C. § 2244(b) provides:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned . . . or both.

"The term 'sexual contact' means the intentional touching, either directly or through the clothing, of the

genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

The elements are:

- First, the defendant knowingly had sexual contact with K.G. by touching and causing penetration of the genital opening with his finger;
- Second, the sexual contact was without the victim's permission; and
- Third, the sexual act was committed within the special maritime and territorial jurisdiction of the United States.
- Fourth, the defendant had the intent to abuse, humiliate, degrade, harass, arouse, and gratify the sexual desire of any person.

*See* Ninth Cir. Model Crim. J. Inst. 8.180.

### B. Expert Witnesses

The United States intends to call four experts to testify at trial. Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*See also United States v. Espinosa*, 827 F.2d 604, 612 (9th Cir. 1987).

#### 1. Dr. Mindy Mechanic

The United States may call Dr. Mindy Mechanic. Dr. Mechanic is a forensic psychologist and Professor Emeritus at California State University-Fullerton. She is the President of Forensic Psychological Consulting, Inc. She performs forensic psychological exams, and serves as an expert consultant, witness, and trainer regarding trauma-related forensic psychology.

Dr. Mechanic will testify regarding the psychology of interpersonal victimization, including the dynamics of relationships involving sexual abuse, and common behaviors exhibited by sexual abuse victims. In particular, Dr. Mechanic will address the psychological aspects of sexual abuse—how victims experience and process sexual abuse, including with feelings of shame and denial. Dr.

Mechanic will educate the jury regarding how victims act based on their psychological responses to sexual abuse.

### 2. Dr. Jenifer Markowitz

The United States may call Dr. Jenifer Markowitz. Dr. Markowitz is a registered nurse and women's health nurse practitioner. Dr. Markowitz holds a clinical doctorate degree from the University of Colorado in Nursing. She is certified in as a Women's Health Nurse Practitioner and a Sexual Assault Nurse Examiner.

Dr. Markowitz will testify about signs and symptoms of strangulation. She will educate the jury about why strangulation is a concerning mechanism of injury when viewed through a clinical lens. She will also testify about injury following sexual assault.

### 3. Dr. Matt Soulier

The United States may call Dr. Matt Soulier; however, the United States will only call Dr. Soulier in the event the defense calls Dr. O'Donohue. To date, the Government has not received a FRCP 16 compliant disclosure for Dr. O'Donohue.

### 4. Agent Steve Stover

The United States may call Agent Steve Stover. Mr. Stover is a digital forensic examiner for the California Highway Patrol assigned to the High Impact Investigative Team, Central Valley High-Intensity Drug Trafficking Area. Mr. Stover completed forensic extractions on devices collected from K.G. and Barrett and reviewed evidence in the extractions. Mr. Stover will testify about communications between K.G. and Barrett, and relevant data from August 12-15, 2016, from K.G.'s and Barrett's devices.

## C. Rule 413 Evidence – Testimony of Other Victims to Prove Propensity

The government will elicit testimony from three uncharged victims that Barrett sexually assaulted: S.F., J.V., and E.B pursuant to FRE 413. FRE 413 permits the government to "admit evidence of a sexual assault in order to prove that the defendant has the propensity to commit another sexual assault." *United States v. Redlightning*, 624 F.3d 1090, 1119-20 (9th Cir. 2010). Judge de Alba previously ruled that S.F., E.B., and J.V. could testify that Barrett sexually assaulted them. ECF 85. However, Judge de Alba ruled that E.B. could not testify to the second and third sexual assaults Barrett

committed on her. ECF 85.

D. **Statements of Defendant**

The United States intends to introduce audio and video recordings of the Defendant's statements. Some of the government's witnesses may also testify about statements made by the defendant. Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior statements. *See* Fed. R. Evid. 801(d)(2)(A); *see also United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 832 (1988).

A defendant may not introduce hearsay statements of the defendant or others who do not testify at trial, because the statements in such cases are not the admissions of a party opponent and are otherwise inadmissible hearsay. *United States v. Arteaga*, 117 F.3d 388, 395 (9th Cir. 1997); *see also Ortega*, 203 F.3d at 682. Allowing a defendant to put in allegedly exculpatory hearsay statements of the defendant or others through other witnesses denies the United States the right of cross-examination. *Fernandez*, 839 F.2d at 640 (upholding objection to defendant's attempt to admit his own hearsay statements through another witness, because otherwise the defendant would be allowed to set forth his exculpatory statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids").

When the government admits a portion of a defendant's prior statement, the defendant may not put in additional out-of-court personal statements because such statements are hearsay when offered by the defendant. *See* Fed. R. Evid. 801(d)(2)(A); *Fernandez*, 839 F.2d at 640. The "rule of completeness" set forth in Federal Rule of Evidence 106 is applicable when one party seeks to introduce a misleadingly tailored snippet of a statement that creates a misleading impression by being taken out of context. It is entirely proper, however, to admit segments of a statement without including everything, and adverse parties are not entitled to offer additional statements just because they are there and the proponent has not offered them. *United States v. Collicot*, 92 F.3d 973, 983 (9th Cir. 1996) (citation omitted). Rule 106 does not render admissible evidence which is otherwise inadmissible under the hearsay rules. *Id.*

E. **Rule 412 – Victim's Other Sexual Behavior Inadmissible**

In a criminal proceeding involving alleged sexual misconduct, Federal Rule of Evidence 412

bars the defendant from offering evidence of other sexual behavior of the alleged victim, except as specified in paragraph 412(b)(1).  The evidence barred by the rule includes evidence of any physical sexual conduct and evidence that might imply sexual conduct.  Rule 412 advisory committee note (1994); *United States v. Papakee*, 573 F.3d 569, 573 (8th Cir. 2009).  And importantly, even if one of the Rule's exceptions applies, the evidence is admissible only if the defendant complies with the notice provisions in paragraph (c)(1).

Judge de Alba ruled on numerous FRE 412 issues in a sealed ruling. ECF 144. She excluded all but two items of the defendant's proposed FRE 412 evidence. That is, she allowed limited testimony to be admitted regarding photographs of K.G. and a text conversation from K.G.'s phone.  However, she excluded multiple other categories of evidence as improper under FRE 412.  Judge de Alba's ruling resolved three FRE 412 notices submitted by Barrett—one in [Date], one in late July 2023, and a third in September 2023.  [CITE ECF numbers].Because the defendant has not provided additional notice of any other evidence under FRE 412, it is presumptively inadmissible. FRE 412(c)(1). *See United States v. Roy*, 781 F.3d 416, 421 (8th Cir. 2015) (failure to comply with the time limits would be sufficient grounds by itself to support exclusion).

### F.    Rule 404(b) – Defendant's Other Acts Evidence Admissible to Prove Motive/Intent

The government expects to present some evidence of Barrett's uncharged acts. Relevant evidence of a defendant's uncharged acts is generally admissible unless offered for the sole purpose of proving criminal disposition.  *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003); *see* Fed. R. Evid. 404(b).  Thus, where uncharged acts bear on the defendant's intent, knowledge, identity or other matters, courts should not exclude them under Federal Rule of Evidence 404(b)..  *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993).

Judge de Alba ruled admissible all three categories of evidence the government noticed under FRE 404(b), holding that each category established Barrett's consciousness of guilt.  ECF 85 at 11-13.

One category involves Barrett's threats to the victims.  As Judge de Alba concluded, Barrett has a pattern of harassing and intimidating the victims in this case, including a threat to kill victim S.F. and a threat that "something" would happen to the victims in this case "in the courts or not," and noting that he had been put in jail with murderers.  ECF 85 at 13; ECF 50 at 8-10; ECF 81 at 2-3.

Judge de Alba also ruled admissible a suicide attempt Barrett made shortly after K.G. accused him of rape.  ECF 85 at 11-12; ECF 50 at 2-3.  Finally, Judge de Alba ruled that the United States could admit recorded jail calls to show that Barrett attempted to fabricate evidence.  ECF 85 at 12-13.  The jail calls reflect Barrett discussing with a friend whether to fabricate K.G.'s signature.  ECF 50 at 5-7.

The government provided notice of evidence of Barrett's previous convictions under FRE 608 and 609 but both sides agreed to defer argument on the admissibility until a determination of Barrett's credibility was made at trial. Specifically, Barrett has four previous criminal convictions – a 2005 vandalism conviction, a 2009 domestic violence conviction, a 2019 trespassing conviction, and a 2022 criminal threat guilty plea. The government previously briefed potential uses of these convictions to impeach Barrett should he testify, or to impeach a character witness testifying on Barrett's behalf. ECF 50 at 11-14. If Barrett testifies he might also be impeached with facts related to the convictions because he has made numerous false statements about them. If the government intends to inquire into these convictions (or the facts related to the convictions) on cross-examination of a defense witness or Barrett, the government will request to have a hearing outside the presence of the jury before doing so.

### G. **Stipulations/Judicial Notice**

There are three stipulations the parties have agreed can be read into the record.

#### 1. Special Maritime and Territorial Jurisdiction

During trial, the parties plan to read into the record a stipulation indicating that the places where Barrett assaulted K.G. is in the territorial jurisdiction of the United States. ECF 78.

The parties hereby agree and stipulate as follows:

a) Tuolumne Meadows is located within Yosemite National Park. Tuolumne Meadows includes the employee housing area south of the Tuolumne Meadows Grill, the areas of meadows and woods north of the Tuolumne Meadows Grill, and the portions of the Tuolumne River and its banks located within the area.

b) Tuolumne Meadows is in the special maritime and territorial jurisdiction of the United States.

#### 2. Authentication and Foundation of the Defendant's Recorded Jail Calls

During trial, the parties plan to read into the record a stipulation addressing the authenticity and foundation for recorded jail calls Barrett made. ECF 171.

The parties hereby agree and stipulate as follows:

    a) Defendant Charles Barrett made numerous phone calls from September 2022 through August 2023 that were recorded via an automated system.

    b) The automated system maintained the calls consistent with a standard business practice. The system was in working order and reliably captured the conversations. The automated system captured the complete conversations, and did not alter or modify Barrett's statements. The recordings of the calls are true and authentic. The automated recording system notified Barrett at the beginning of each call that the calls were going to be recorded. The parties agree that the authentication and foundation for the phone call recordings, under the Federal Rules of Evidence, is satisfied.

3.   <u>Meteor Shower</u>
    a) On August 13, 2016, there was a meteor shower called the Perseids meteor shower, which occurs every year in August when the Earth passes through the comet Swift-Tuttle. The Perseids meteor shower was one the most prominent meteor showers visible in North America in 2016. The Perseids meteor shower peaked approximately August 12, 2016.

    b) This meteor shower was visible in Yosemite National Park on August 13, 2016, particularly because Yosemite National Park does not have bright city lights.

### H.   <u>Prior Consistent Statements</u>

If the defense alleges that K.G. has an improper motive or influence on cross examination, the government may seek to admit prior consistent statements to rebut the alleged motive or influence. FRE 801(d)(1)(B)(i). The statement must have been made before the alleged influence arose; "a consistent statement that predates the motive is square rebuttal of the charge that the testimony was contrived as a consequence of that motive." *United States v. Gonzalez*, 533 F.3d 1057, 1059 (9th Cir. 2008). Similarly, if the defense cross examines K.G. alleging faulty memory or charges of inconsistency, the government may seek to admit prior consistent statements to rehabilitate K.G. on "other grounds." FRE 801(d)(1)(B)(ii).

Dated: January 26, 2024

PHILLIP A. TALBERT
United States Attorney

By:   */s/ Arin C. Heinz*
     */s/ Michael G. Tierney*
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys