**HENNESSY LAW GROUP**
Timothy P. Hennessy, SBN 286317
1217 l. Street
Bakersfield, CA 93301
Tel: (661)237-7179
Email: tph@hennessylawgroup.com

**TORRES|TORRES STALLINGS
A LAW CORPORATION**
David A. Torres, SBN135059
1318 K. Street
Bakersfield, CA 93301
Tel: (661)326-0857
Email: dtorres@lawtorres.com

Attorneys for Defendant:
CHARLES BARRETT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES BARRETT,<br><br>　　　　　Defendants. | Case No. 1:22-CR-00213 JAM-BAM<br><br>MOTION IN LIMINE TO EXCLUDE CERTAIN ELEMENTS OF TESTIMONY BY CHARLENE LIEU AS PREJUDICIAL (Fed. R. Evid. 403)<br><br>(**MIL No. 1**) |

The defense anticipates the Government will attempt to establish the following facts:

I.　　TESTIMONY SEEKING REVIEW

Charlene Lieu may attempt to establish through testimony that an organization known as SafeOutside was circulating a survey on social media about sexual assaults in the climbing community. That in May 2018, KG completed the survey claiming within the survey that she had been "raped" by a prominent California climber. On June 22, 2018, KG received an email from Charlene Lieu, a survey administrator, requesting a follow-up discussion regarding KG's survey

1

responses. KG and Charlene Lieu allegedly had a telephone call where Lieu informed her that the same person who victimized her had victimized another woman who responded to the survey. KG then provided defendant's name as the alleged perpetrator, and Lieu confirmed defendant was allegedly the same person identified by another woman.  The other person who named the defendant is Stephanie Forte.  Ms. Forte is on the witness list and scheduled to testify.

   The defense seeks to exclude:

1. Testimony from Ms. Lieu as irrelevant and devoid of probative value, or;

2.  Exclude testimony by both KG and Ms. Lieu referring to defendant and as a "rapist" during their conversations regarding KG's survey responses.

3. Exclude testimony from Ms. Lieu stating that the defendant had been identified by another survey taker (Ms. Forte) and further, that she made the introduction between them.

II.     APPLICABLE LAW

    a.   Rule 403. Excluding Relevant Evidence for Prejudice…or Other Reasons.

        1.   Probative Value Must be Substantially Outweighed

          Fed. R. Evidence 403 allows courts to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the jury, or waste of time.

        2. Unfair Prejudice

          Evidence is unfairly prejudicial under Fed. R. Evid. 403 if it tends to produce a jury decision based on an improper ground, typically an emotional one, unrelated to whether the defendant is guilty of the crime. (See, Advisory Committee Notes on F. Evid. 403).

   Allowing Ms. Lieu to testify that she recognized the defendant's name as it related to an occurrence outlined by another individual in the very same survey is highly prejudicial. Ms. Forte's incident allegedly occurred in 2010 and KG's in 2016. The Government's attempt to link the two occurrences via the survey is prejudicial as one cannot expect a jury to remain fair and

impartial after listening to testimony which in their mind, may cause the jury to believe they cannot release an exceedingly dangerous person back into the community.

The defense reserves the right to file additional motions should the circumstance arise in the defense of defendant, Charles Barrett.

///

Dated: January 28, 2024    Respectfully Submitted,
/s/ *Timothy P. Hennessey*
Timothy P. Hennessey
Attorney for Defendant
Charles Barrett


Dated: January 28, 2024    Respectfully Submitted,
/s/ *David A Torres*
DAVID A. TORRES
Attorney for Defendant
Charles Barrett