PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
ARIN C. HEINZ
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00213-JAM |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CHARLENE LIEU AS PREJUDICIAL |
| v. | |
| CHARLES BARRETT, | TRIAL DATE: February 5, 2024
TIME: 9:00 a.m.
COURT: Hon. John A. Mendez |
| Defendant. | |

Defendant Charles Barrett has moved *in limine* to exclude the testimony of Charlene Lieu based on Federal Rules of Evidence 401 and 403. (Doc. 191). The government opposes. The admissibility of Lieu's testimony cannot be determined until the Court has more information about Barrett's defense at trial. Indeed, if at trial Barrett alleges that K.G. fabricated her sexual assault allegations; acted for motives such as for monetary gain or fame; or colluded with another testifying victim (S.F.) to retaliate against Barrett, Lieu's testimony would be relevantand would pass Rule 403's undue prejudice test. Because the Court lacks the information it needs, the government asks the Court to deny or at least defer ruling on Barrett's motion.

## BACKGROUND

In April 2018, Charlene Lieu and several others launched a "Safe Outside" survey focused on assessing sexual harassment and assault in the rock-climbing community. On April 18, 2018, S.F.

1

responded to the survey, indicating that she was "sexually assaulted while visiting a friend who is a professional climber. The man was her roommate." Ex. 1. Separately, on May 7, 2018, K.G. responded to the survey, indicating that she was "raped by a well-known, professional California climber on a trip to Tuolumne." *Id*. Lieu contacted all individuals who reported the most egregious victimization and asked for a follow-up interview, including K.G. and S.F. Lieu separately interviewed both K.G. and S.F and asked them who their perpetrator was.  Both victims initially hesitated to provide the name of their perpetrator, but both eventually independently identified Barrett.  Shortly thereafter, Lieu connected K.G. and S.F. to provide them with an opportunity to support each other. K.G. and S.F. provided emotion support to each other and discussed their reporting options. In 2020, K.G. reported Barrett's sexual assault to law enforcement.

## ARGUMENT

**A.  The Court should deny or delay ruling on Barrett's motion to exclude Lieu's testimony.**

   1.   **Prior Consistent Statements**

Lieu's testimony would be admissible as a prior consistent statement if Barrett raises any of a broad array of challenges to K.G. or S.F.'s credibility. A prior consistent statement of a declarant testifying at trial and subject to cross-examination concerning the statement is admissible in two circumstances. First, "to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Second, "to rehabilitate the declarant's credibility as a witness when attacked on another ground."  Federal Rule of Evidence 801(d)(1)(B).  The prior consistent statement is not hearsay, and thus is admitted as substantive evidence. Rule 801(d)(1)(B). Where admissible, the prior consistent statement may be testified to by either the witness herself or any other person with personal knowledge of the statement.  *United States v. Allen*, 579 F.2d 531, 532 (9th Cir. 1978).

   If a defendant expressly or impliedly charges that the witness's testimony has been fabricated or acted from a recent improper influence or motive, the government may introduce the prior consistent statement to rebut such a charge.  See e.g. *Arizona v. Johnson*, 351 F. 3d 988, 998 (9th Cir. 2003) (border patrol agent's testimony, recounting victim's statements that her sex with defendant was not consensual was admissible as a prior consistent statement to rebut defendant's claim that she fabricated

2

her story to avoid deportation); *see also United States v. Gonzalez*, 533 F.3d 1057 (9th Cir. 2008) (affirming admission of story of victim's alleged forced oral copulation, retold by police officer, under exception for prior consistent statements, since retold story was offered to rebut suggestion in prior cross-examination that victim had mercenary motive to lie about defendant). The statement must predate the alleged motive or improper influence to be admissible. *Tome v. United States*, 513 U.S. 150, 156, 115 S. Ct. 696 (1995) (statement must have been made before the motive to fabricate).

A prior consistent statement may be admitted to rebut a charge of faulty memory or to explain or modify a fragment of a prior statement introduced by the opposite party for purposes of impeachment. *United States v. Collicott*, 92 F.3d 973, 980 (9th Cir. 1996). The second part of the rule also allows admission of a prior consistent statement if it provides context to an alleged inconsistency. *See, e.g.*, *United States v. Iu*, 917 F.3d 1026, 1034 (8th Cir. 2019) (Holding the district court did not abuse its discretion in admitting the victim's prior consistent statement of because it demonstrated her account only changed after speaking with the defense investigator and after repeated attempts by the perpetrator to get the victim to change her story.)

Here, as discussed further in Section A.3 below, an array of impeachment by Barrett of either K.G., S.F., or both may make testimony by Lieu relevant in admissible. The Court should therefore deny the motion *in limine* unless Barrett confirms that no such impeachment will occur; or in the alternative it should defer ruling on the motion.

2. **Relevance and Unfair Prejudice**

Under Federal Rule of Evidence 402, "all relevant evidence is admissible," except as otherwise provided by law. And the test for whether evidence is relevant is a low bar, requiring only that "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Advisory Committee Notes to Rule 401 demonstrate that relevance is not a high bar to admissibility. And the proposed fact need not prove an entire issue because, as the Committee analogizes, "a brick is not a wall." Advisory Committee Notes to Fed. R. Evid. 401. Put differently, "it is not to be supposed that every witness can make a home run"—nor do they have to under Rule 401. *Id.*

Rule 403 provides a balancing test that weighs heavily in favor of admissibility. As relevant

3

here, it allows for the exclusion of relevant only "if its probative value is outweighed by the danger of unfair prejudice." *See United States v. Merino-Balderrama*, 146 F.3d 758, 761 (9th Cir. 1998). "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (quoting Fed. R. Evid. 403, Advisory Committee Notes). Almost all prosecution evidence is prejudicial to a defendant; Rule 403 permits exclusion only where the proffered evidence is aimed not at proving guilt but at inflaming the jury's emotions. *See United States v. Hicks,* 103 F.3d 837, 844 (9th Cir. 1996), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) In evaluating this Rule 403 issue, district courts enjoy "wide latitude" whether or not to exclude evidence. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002).

        3.    **Lieu's Testimony**

If called to testify, the government expects Lieu to explain that in 2018 launched a survey for climbers and K.G. and S.F. independently responded to the survey identifying incidents of sexual assault. Lieu would further testify that when Lieu followed up with separate interviews of the victims, they eventually identified Barrett as the person who sexually assaulted them, and she introduced the victims to each other.

At this point, the Court lacks sufficient information to determine whether this testimony (or some portion of it) should be admitted. Defense counsel's opening statements, cross-examination of K.G. or S.F., or Barrett's own testimony (should he choose to testify) may create a situation in which all (or part) Lieu's testimony would be properly admitted as a prior consistent statement under Federal Rule of Evidence 801(d)(1)(B). Indeed, K.G.'s (and S.F.'s) prior statements detailing Barrett's sexual assault could be admissible as substantive evidence of his guilt. But this testimony may be relevant for several additional purposes. The fact of the report would rebut the implication that K.G. never reported the sexual assault before reporting to law enforcement. The manner of the report—responding to a survey without reporting her assailant's name—would rebut the implication that her allegations against Barrett were done out of personal animus, retribution, or to gain fame or attention. Ms. Lieu's description of K.G.'s demeanor during the interview, specifically, her fear or nervousness, would also provide direct evidence of K.G.'s state of mind with respect to her having experienced a sexual assault. And finally,

the fact that her report led to her acquaintance with another victim in this case (S.F.) would rebut the allegation that K.G. and S.F. colluded against Barrett.

Based on all the above, Lieu's testimony would satisfy Rule 401, because it makes a fact of consequence—whether Barrett sexually assaulted K.G.—more probable than it would be without the evidence. Specifically, the fact that K.G. and S.F. independently reported a sexual assault makes it more likely that the assaults on them occurred. Additionally, the fact that K.G. and S.F. reported to someone other than a law enforcement officer and without initially naming their assailant is lends credibility to their accounts. Finally, Barrett fails to identify how the jury's learning of K.G.'s and S.F.'s 2018 reports would unfairly lure the jurors into declaring guilt on a ground different from proof specific to the offense charged. Indeed, the jury will be presented with evidence from K.G. and S.F. about Barrett having sexually assaulted them. Lieu's testimony, therefore, is likely to be probative in a wide variety of circumstances should Barrett attack the credibility of K.G. or S.F. Given that K.G. is the victim of the charged assaults, it seems unlikely that Barrett would forego a thorough challenge to her credibility that would make Lieu's testimony highly relevant and probative. If Barrett's motion *in limine* was meant to suggest that he will not, under any circumstances, impeach either K.G. or S.F. on any such ground, the motion might be ready for resolution. In any other circumstance, the Court should deny it or defer ruling until after K.G. and S.F. have testified and been impeached.

## CONCLUSION

For the foregoing reasons, this Court should deny or at least defer ruling on Barrett's motion to exclude Lieu's testimony.

Dated: January 30, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ ARIN C. HEINZ
MICHAEL G. TIERNEY
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys

5