**HENNESSY LAW GROUP**
Timothy P. Hennessy, SBN 286317
1217 l. Street
Bakersfield, CA 93301
Tel: (661)237-7179
Email: tph@hennessylawgroup.com

**TORRES|TORRES STALLINGS**
**A LAW CORPORATION**
David A. Torres, SBN135059
1318 K. Street
Bakersfield, CA 93301
Tel: (661)326-0857
Email: dtorres@lawtorres.com

Attorneys for Defendant:
CHARLES BARRETT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHARLES BARRETT,<br><br>　　　　Defendant | Case No.: 1:22-CR-00213-JAM-BAM<br><br>DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT THREE IN THE INDICTMENT |

　　　Defendant Charles Barrett, by and through undersigned counsel, respectfully moves this Court to enter a judgment of acquittal to Count Three (3) 18 U.S.C. § 2241 (a) (1) pursuant to Federal Rule of Criminal Procedure ("Rule") 29(a).

I.　　Relevant Background

　　　On August 4, 2022, a federal grand jury in the Eastern District of California returned a Three count indictment, alleging: on Count One Aggravated sexual abuse 18.U.S.C §2241(a)(1);

Count Two, Abusive Sexual Contact 18.U.S.C §2244 (b), and Count Three, Aggravated Sexual Abuse, 18 U.S.C §2241 (a)(1). Mr. Barrett pleaded not guilty to all counts and proceeded to trial.

## II.     ARGUMENT

**A.  This Court Should Enter a Judgment of Acquittal on Count Three because the Government failed to present sufficient proof on a significant element of the count.**

Federal Rules of Criminal Procedure Rule 29 (a) provides, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so." *Fed. Rules Crim.Proc., rule 29, 18 U.S.C.A.*

Rule 29 (c) provides, "The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." *Id.*

The first step in evaluating a Rule 29 motion is to determine the elements of the crime charged in count three. The elements of Count Three are:

1. The Defendant knowingly used force/threatened or placed K.G. in fear that some person would be subject to death/serious bodily injury or kidnapping to cause K.G. to engage in a sexual act; and

2. The offense was committed in Yosemite National Park, AND

DEFENDANTS MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT THREE IN THE INDICTMENT

2

3. In this case, "sexual act" means <u>contact between the penis and the vulva</u>.

( 9th Cir. Model Crim. Jury Instr. §2241(a))

The standard for evaluating a Rule 29 motion is the same as the due process standard used in evaluating whether the evidence is sufficient to sustain the verdict: whether viewing all the evidence in the light most favorable to the government, any rational jury could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The "[T]rial judge must grant motion for acquittal where evidence of guilt is circumstantial only if, as a matter of law, reasonable minds as triers of fact must be in agreement that reasonable hypothesis other than guilt can be drawn from evidence." *Elwert v. U.S.,* 231 F.2d 928 (C.A.9 1956). Trial judge may direct a verdict or enter judgment N.O.V. when evidence as a whole is insufficient to support a conviction as a matter of law. *Verdugo v. U.S.,* 402 F.2d 599 (C.A.Cal. 1968)

In *United States v. Tsinhnahijinnie*, 112 F.3d 988 (9th Cir. 1997), the 9th Circuit previously held that there was insufficient evidence to show that the defendant had committed a crime on a date or reasonably near the period of the indictment when the complainant testified they did not remember when the crime occurred. *Id.* To prevail on a motion for judgment of acquittal, defendant needs to show more than that government's case against him was not overwhelming or that jury could have decided in his favor, but, rather, defendant must show that evidence was so meager that no reasonable jury could find guilt beyond a reasonable doubt. *U.S. v. Guadagna, 183 F.3d 122 (C.A.2 (N.Y.), 1999)*

The evidence elicited at trial does not support a conviction on Count Three—even in the light most favorable to the Government. K.G. testified at trial that the Defendant penetrated her anus and probably her vagina but did not testify equivocally that defendant penetrated her vagina

DEFENDANTS MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT THREE IN THE INDICTMENT

during the act charged in Count Three. There is no other evidence that has been produced at trial or that could be produced to establish a violation as charged in Count Three. In *U.S. v. Ubl*, 472 F.Supp. 1236 (D.C.Ohio, 1979) the court held that "a ruling is proper if at an earlier stage basic facts appear, or do not appear, inescapably leading to conclusion that, irrespective of whatever other evidence may be introduced, prosecution must fail, since to continue trial after it is apparent that prosecution cannot introduce sufficient evidence to support a guilty verdict would be a waste of everyone's time and extremely unfair to defendant, and it would simply be a travesty of justice. *U.S. v. Ubl*, 472 F.Supp. 1236 (D.C.Ohio, 1979). In the instant case before us there is no evidence that could sufficiently justify holding the defendant guilty beyond a reasonable doubt. K.G. did not state that the defendant had penetrated her vagina, nor that he had come into contact with it. Instead, K.G. testified he probably did. The vague answer produced by K.G. is insufficient for a jury to hold the defendant guilty beyond a reasonable doubt. In addition, K.G.'s response provides sufficient doubt as to the contact she allegedly suffered.

## CONCLUSION

For the foregoing reasons the Defendant, Charles Barrett respectfully asks the Court to enter a judgment of acquittal to Count Three (3) 18 U.S.C. § 2241 (a) (1) pursuant to Federal Rule of Criminal Procedure ("Rule") 29(a)

Dated: February 11, 2024                    Respectfully Submitted,
                                            */s/ Timothy P. Hennessey*
                                            Timothy P. Hennessey
                                            Attorney for Defendant
                                            Charles Barrett

                                            Respectfully Submitted,
Dated: February 11, 2024                    */s/ David A Torres*
                                            DAVID A. TORRES
                                            Attorney for Defendant
                                            Charles Barrett

DEFENDANTS MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT THREE IN THE INDICTMENT