PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
ARIN C. HEINZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BARRETT, <br><br> Defendant. | CASE NO. 1:22-CR-213-JAM <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ACQUITTAL AS TO COUNT THREE <br><br> DATE: February 12, 2024 <br> TIME: 9:15 a.m. <br> COURT: Hon. John A. Mendez |

The Court should deny defendant Charles Barrett's Motion for Acquittal as to Count Three. Sufficient evidence exists for a jury to convict Barrett of violating 18 U.S.C. § 2261(a)(1).

## BACKGROUND

A.   K.G. testified at grand jury that Barrett caused multiple sexual acts in a shower by force.

K.G. reported to law enforcement in April 2020 that defendant sexually assaulted her in 2016 in Yosemite National Park. Her report described three instances of sexual assault: one occurring in a forested area on the night of Saturday August 13; one near a river on Sunday August 14; and a third occurring in a shower some time after the assault at the river.

At grand jury, K.G. testified that though her memory was at times unclear on the details, the defendant's sexual assaults were aimed at both her vulva and her anus:

1

       Q: You were making noises that manifested that it hurt when he was touching you in your vaginal area or your anal area; is that accurate?

       A. Yes.

       Q. Did he penetrate you with his fingers or his penis or both?

       A. His penis, maybe both. I don't remember that.

       Q. But his penis for sure?

       A. Yes.

       Q. I'm sorry to be asking this so bluntly. In your vagina, your anus or both?

       A. Both.

Ex. 1 (Excerpt of Grand Jury Testimony), BN 11860.

    B.    <u>The Indictment charged Barrett's sexual acts in the shower and specifies one of the acts</u>.

The grand jury returned an indictment. ECF 1. The shower assault was the subject of Count Three. In that count, The Indictment charged that Barrett violated 18 U.S.C. § 2241(a)(1) in that he "did knowingly cause K.G. to engage in <u>sexual acts</u>, specifically, contact between the penis and the vulva, by using force." *Id.* at 2 (emphasis added).[1] The Indictment and the transcript therefore charged Barrett with forcing K.G. to engage in "sexual acts" in a shower in Yosemite National Park on August 14, 2016. The Indictment specifically noted one sexual act covered by the statute[2] of the two described by K.G. at grand jury: "contact between the penis and the vulva."

    C.    <u>K.G. testified at trial that Barrett committed multiple sexual acts in the shower</u>.

At trial K.G. testified that Barrett forcefully pinned her in the corner of the shower and raped her despite K.G. stating that she was in pain and her requests for Barrett to stop sexually touching her. K.G.

---

[1] The forest assault was charged in Count One. It also charged Barrett violating § 2261(a)(1). The charging language was the same as that used in Count Three, except that after stating that Barrett had caused K.G. to engage "in sexual acts," it stated: specifically, contact between the penis and the anus, and contact between the penis and vulva." ECF 1 at 1.

[2] Title 18, Section 2261 of the United States Code is collected within Chapter 109A. Definitions for crimes in Chapter 109A are collected in 18 U.S.C. § 2246. The term "sexual act" is defined as "contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however slight." *Id.* at 2246(a)(2)(A).

testified that the defendant penetrated her through multiple sexual acts—specifically, anal and vaginal penetration—though her memory of the anal penetration was clear, and her memory of the vaginal penetration was less clear.

Moreover, the jury was presented with testimony of a series of sexual assaults committed by Barrett over the course of more than five years on three uncharged victims pursuant to FRE 413. Each uncharged FRE 413 sexual assault involved Barrett touching or penetrating a woman's vagina. While the testimony indicated that he sometimes also penetrated a victim's anus, his sexual assaults always involved touching the vulva.

At trial, Barrett's theory was that K.G. consented to all sexual contact with Barrett throughout the weekend and that K.G. simply regretted the sexual contact. On cross-examination the defense did not explore further what sexual acts occurred in the shower. It did not attempt to establish or prove (regarding Count One or Three) that only a certain type of penetration occurred. It gave no indication that a particular type of penetration was important in determining the case. The defense did elicit testimony regarding Barrett's intoxication to suggest that he did not have the specific intent necessary for Count Two, which occurred shortly before Count Three. For example, the defense asked K.G. whether soon after the shower assault Barrett was talking incoherently; K.G. agreed that he was and that he soon thereafter passed out. That defense tended to reduce the likelihood that Barrett intended or was able to select only one method of penetration in the shower.

D. The Jury Instructions reflect the statutory definitions of two sexual acts.

Prior to trial the parties filed Joint Proposed Jury Instructions. ECF 209. As relevant here, a proposed instruction recited the elements of Counts One and Three. *Id.* at 38. The elements conformed to Ninth Circuit Model Jury Instruction 20.1. Model Instruction 20.1 states that "in this case, sexual act means *[specify statutory definition]*." The sexual act definition in the proposed instructions reflected both sexual acts that K.G. described to the grand jurors (vaginal and anal penetration) for Counts One and Three: "In this case, 'sexual act' means contact between the penis and the vulva or the penis and the anus." *Id.* at 38.

The Court's judicial assistant provided both parties with Proposed Jury Instructions on the afternoon of February 8, 2024. Proposed Instruction Number 16 repeated the definition of "sexual act"

3

found in the parties' Joint Proposed Instructions.

On February 9, 2024, The United States rested its case in chief. After presenting evidence, Barrett also rested that morning. At neither point did Barrett bring a motion under Rule 29(a) for acquittal on any point.[3] The Court noted K.G.'s somewhat uncertain testimony regarding vaginal penetration, and then ruled that it would allow Count Three to go to the jury. The Court noted that the proof at trial regarding anal penetration could give rise to a legal issue.

Neither party objected to the Court's Proposed Jury Instruction regarding Counts One and Three. The Court duly finalized the instruction as Jury Instruction 16. That Instruction indicated to the jury that "in this case, 'sexual act' means contact between the penis and the vulva or the penis and the anus."

E.   The United States argues multiple sexual acts regarding the shower assault.

During closing argument, the United States explained why the evidence showed Barrett's guilt beyond a reasonable doubt regarding Count Three. As the Indictment reflected, it argued that Barrett committed multiple sexual acts in the shower. The United States recited its understanding of K.G.'s testimony that both vaginal and anal penetration occurred. It also noted that under the circumstances (where water cascaded on both K.G., Barrett had consumed alcohol, and Barrett forced K.G.'s legs apart while she moved), Barrett's anal penetration would have required multiple sexual acts. Specifically, counsel for the United States argued that Dr. Markowitz explained female anatomy to the jury and testified that the vulva is the external genitalia. Thus, based on how K.G. was positioned in the shower, Barrett necessarily penetrated her external lips – the vulva – when penetrating her anally.

Barrett's counsel focused their closing arguments on the same ground as opening statement: that the sexual contacts were consensual. Counsel made no arguments that the precise sexual act or manner of penetration in Counts One or Three were significant.

Following instructions, the Court dismissed the jury for the weekend and indicated jurors would begin deliberating on Monday February 12, 2024. On Sunday February 11 Barrett filed the Motion. The Motion argues that the United States did not offer sufficient proof that Barrett penetrated K.G.'s

---

[3] To resolve the Motion, the United States assumes that a Rule 29(a) motion made after the jury has been charged (and after the Court has ruled that a particular count is sufficient to submit to a jury) is proper.

vagina. ECF 226 at 3-4.

## ARGUMENT

### A. Proof at trial sufficiently established that sexual acts occurred in the shower

Evidence at trial established, as the Indictment alleged, that Barrett "knowingly cause[d] K.G. to engage in sexual acts . . . . by using force against K.G." Viewed in the light most favorable to the United States, the evidence established that the sexual acts included Barrett penetrating K.G. both vaginally and anally. Reasonable inferences from the record can be used to prove that sufficient evidence supports a charge. *U.S. v. H.B,* 695 F.3d 931, 937 (9th Cir. 2012) involved a juvenile charged with aiding and abetting a violation of § 2241(a)(2), the same statute charged in Count Three. In *H.B.*, the issue was whether there was sufficient proof of force. Both the district court and Ninth Circuit concluded the element was met based on reasonable inferences from the victim's testimony, positioning, size difference with the accused, and expert testimony from a nurse who examined her. *Id.* at 936-37. Evidence has sufficiently supported § 2261(a)(2) charges when victims who were far less certain that K.G. regarding penetration. For example, a child victim testified that a defendant "almost" penetrated her vagina and an eyewitness said the "tried" to penetrate the victim's anus; the Eighth Circuit held convictions for each act sufficient. *United States v. Kenyon*, 397 F.3d 1071, 1077 (5th Cir. 2005). Accordingly, even somewhat equivocal evidence can support a conviction.

K.G. that Barrett forced her into committing sexual acts. She testified that she told Barrett that she did not want to engage in sex with him because she was in pain. Barrett pushed her into the corner of a shower. Barrett pinned her into a corner of the shower and continued to say no, and then Barrett raped her. As she had at grand jury, K.G. testified that she was somewhat unsure of the precise manner of penetration. At trial, K.G. expressed confidence that Barrett penetrated her anus with his penis. She also stated that she thought Barrett had also penetrated her vagina, but did not remember that penetration as well as the anal penetration. K.G. also testified on cross-examination (during the defense case in chief) that she felt pain in both her vagina and anus after being raped by Barrett, and that the pain persisted when she urinated. Pain in the orifice penetrated during a sexual assault helps establish penetration. *United States v. No Neck*, 472 F.3d 1048, 1053 (8th Cir. 2007) (child victim's testimony regarding pain in his anal region supported evidence of penetration). K.G.'s testimony regarding how

Barrett penetrated her in the shower and her injuries after rape are sufficient for a reasonable juror to convict Barrett on Count Three.

K.G.'s testimony was not the only evidence that supports the conclusion that Barrett penetrated K.G. both anally and vaginally in the shower. As the United States noted in closing argument, Barrett's sexual assaults of K.G. were very similar to his assaults on the FRE 413 victims, and noted that the jury could infer Barrett's conduct with K.G. from his conduct with those victims.[4] Each of the victims stated that Barrett rubbed or penetrated their vagina. And the shower assault was less than 24 hours after the forest assault charged in Count One—an assault in which Barrett penetrated K.G. vaginally and anally. Evidence that each of Barretts's sexual assaults involved vaginal penetration, that all three assaults of K.G. involved vaginal penetration, and that a similar assault of K.G. the previous night involved Barrett pinning her down and penetrating her vagina and anus supports K.G.'s testimony that Barrett vaginally penetrated her in the shower.

Finally, there was medical and circumstantial evidence supporting K.G.'s testimony of vaginal penetration. A defendant need only separate a victim's labia majora to meet the statutory definition relevant to Count Three. *United States v. Jahagirdar*, 466 F.3d 149, 154-55 (1st Cir. 2006). As the government noted in its closing argument, the circumstances here strongly suggest that even if Barrett sought only to penetrate K.G.'s anus (unlikely given his prior assaults) he would have penetrated at least the labia majora as well. Barrett was penetrating K.G. in a shower, pinning her down and spreading her legs while K.G. attempted to retreat and the two were covered in water. And as Barrett's counsel argued, there was evidence he was intoxicated during this time. Under these circumstances, it is a virtual certainty that at some point Barrett's penis pushed aside K.G.'s external female genitalia as defined by Dr. Markowitz's expert testimony. Together these circumstances support K.G.'s testimony that Barrett penetrated both her vagina and anus. Therefore, sufficient evidence at trial supported the Indictment's charge that Barrett caused sexual acts by force. The Court should therefore deny the Motion.

---

[4] Jury Instruction 10 (which mirrored Model Jury Instruction 2.11) also confirmed that jurors could use evidence regarding the FRE 413 victims in considering the counts in the Indictment.

B. <u>Proof at trial regarding anal penetration did not constructively amend the Indictment</u>.

Even if the proof at trial established only anal penetration, the Court should not dismiss Count Three because that proof did not constructively amend the Indictment. The government's proof at trial cannot "constructively amend" a charging document, but it can vary from that document. Proof at trial creates an amendment when: "(1) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002). "A variance, on the other hand, 'occurs when ... the evidence offered at trial proves facts materially different from those alleged in the indictment.'" *Id.* at 614. Though it is not always easy to distinguish between amendment and variances, *id.* at 615, one helpful tool is to determine how many facts relevant to a count were different at trial than the ones presented at grand jury and the indictment. *Id.* at 615. When there is only one factual difference, courts generally find a variance, not an amendment. *Id.*

Here, there are no materially different facts. The grand jurors heard that Barrett pinned K.G. in the corner of the shower on the late afternoon or evening of August 14, 2016, and forced multiple sexual acts on her, including vaginal and anal penetration. The trial jurors heard the same, so there is no factual difference. The only arguable factual difference was that K.G. was more equivocal at trial than she was in grand jury. That is not a different fact – it is merely a difference in strength of memory regarding a fact.

But even if there was a difference regarding the method of penetration, the proof at trial would not amount to an amendment. In a sexual assault case, the relevant "complex of facts" is composed of a victim, a date, and the general nature of the violation. A different method of penetration does not alter this "complex of facts." *See Schiro v. Farwell*, 225 Fed. App'x 591, 593 (9th Cir. 2007). The Second Circuit has also called this concept the "core of criminality." *United States v. Patino*, 962 F.2d 263, 266 (2d Cir. 1992). It is only when proof at trial dramatically expands the "complex of facts" or "core of criminality" in a sexual assault trial that an amendment occurs. For example, when an indictment charged sexual abuse in 1992 on a Native American reservation, and proof at trial concentrated on sexual abuse in 1994-95 at locations not on the reservation, proof amended the indictment. *United*

States v. Tsinhnahijinnie, 112 F.3d 988, 991 (9th Cir. 1997). That is not the case here. The complex of facts in the Indictment and at trial were the same, and even if a different method of penetration had surfaced it would not have changed the complex of facts.[5]

It is true that the Indictment, after charging Barrett with forcing K.G. to engage in "sexual acts," specified one of those acts. But that did not alter the elements of the crime. Where an Indictment charges a statutory violation (here "sexual acts"), a choice to specify one of those acts (by verbiage like "to wit" or "specifically") is surplusage—it does not alter the essential elements of the offense. *United States v. Lopez*, 4 F.4th 706, 726 (9th Cir. 2021) (indictment charging a sexual assault offense that required proof of a violation of state law was not limited to the one specified in the indictment; choice to specify was surplusage); *Schirro*, 225 Fed. App'x at 593 (noting that specifying one method of penetration was surplusage). Accordingly proof at trial neither amended the Indictment nor changed the elements of Count Three.

Finally, even if there were a variance, Barrett cannot demonstrate that a variance prejudiced him. Barrett's defense theory was that he and K.G. engaged in consensual sex, and that she then fabricated her claims about Barrett using force. But that defense "was an appropriate defense to any theory of sexual penetration," *Schirro*, 225 Fed. App'x at 594, and thus he cannot show that he would have conducted this defense differently if no variance existed. The Court should therefore deny the Motion.

## CONCLUSION

The Court should deny Barrett's Motion for acquittal. Viewed in the light most favorable to the prosecution, sufficient evidence establishes Barrett's multiple forced sexual acts in Count Three. Even if the proof supported only one sexual act of anal penetration, there was no amendment of the Indictment. The "complex of facts" remained the same from K.G.'s grand jury testimony to trial. At most, there was a variance, but Barrett cannot establish prejudice because he was on notice that K.G. alleged that Barrett caused multiple sexual acts by force in the shower and because Barrett's defense theory amply covered any sexual act alleged or proven regarding the shower assault.

---

[5] Proof at trial can also amend an indictment if it casts doubt on whether the grand jury would have indicted for the conduct proved at trial. But here, K.G. testified at grand jury that Barrett penetrated both her vagina and anus. So there is little doubt that the grand jury would have indicted on evidence presented at trial. Barrett has not demonstrated that proof at trial amended the Indictment here.

Dated: February 11, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ MICHAEL G. TIERNEY
MICHAEL G. TIERNEY
ARIN C. HEINZ

Assistant United States Attorneys