**FILED**

**Feb 09, 2024**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  1:22-CR-00213 JAM-BAM |
| Plaintiff, | **JURY INSTRUCTIONS** |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

Dated: February 09, 2024   /s/ John A. Mendez
                            _____
                            THE HONORABLE JOHN A. MENDEZ
                            SENIOR UNITED STATES DISTRICT JUDGE

JURY INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION NO. 2

    The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

JURY INSTRUCTION NO. 3

    A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

JURY INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

JURY INSTRUCTION NO. 5

     The evidence you are to consider in deciding what the facts

are consists of:

   (1)   the sworn testimony of any witness;

   (2)   the exhibits received in evidence; and

   (3)   any facts to which the parties have agreed.

JURY INSTRUCTION NO. 6

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

The stipulations are attached to this jury instruction.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00213-JAM |
| Plaintiff, | STIPULATION OF EXPECTED TESTIMONY |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

The parties hereby agree and stipulate to the expected testimony of two witnesses: Stephanie Forte and Rene Keyzer-Andre.

A.  If re-called as a witness, Stephanie Forte would testify:

1.  I had a conversation in March 2020 with Rene Keyzer-Andre and Margarita Martinez.  They lived in an area of Kentucky to which Charles Barrett had recently moved.

2.  I have known Mr. Keyzer-Andre and Ms. Martinez since the 1990s.

3.  I called to warn them that local women might begin reporting sexual assault claims against Barrett and should be believed.

4.  I told Mr. Keyzer-Andre and Ms. Martinez that Mr. Barrett had sexually assaulted me.  I used the term "sexual assault" to describe what Mr. Barrett did.  I did not share details of the assault with them.

B.  If called as a witness Rene Keyzer-Andre would testify:

1.  I and my wife Margarita Martinez had a conversation with Stephanie Forte in March 2020.

2.  As the time, my wife and I lived in an area of Kentucky to which Charles Barrett had recently moved.

3.  I have known Stephanie Forte since the 1990s.

4.  Ms. Forte called us to warn us that Mr. Barrett had sexually assaulted women and that we should pass a warning about Mr. Barrett to local female climbers.

5. Ms. Forte used terms like "sexual assault" and "assault" during the conversation.

6. We asked Ms. Forte whether Mr. Barrett had done anything to her.  She stated that he had not.  She stated that Barrett had made a pass at her and she had shut him down.

7. I and my wife exchanged further messages with Ms. Forte around this time.  Ms. Forte stated that she was scared of Mr. Barrett.


IT IS SO STIPULATED


Dated:  February 9, 2024                                PHILLIP A. TALBERT
                                                       United States Attorney


                                                       */s/ ARIN C. HEINZ*
                                           By:  */s/ MICHAEL G. TIERNEY*
                                                       ARIN C. HEINZ
                                                       MICHAEL G. TIERNEY
                                                       Assistant United States
                                                       Attorneys


Dated:  February 9, 2024                                */s/ TIMOTHY HENNESSY*
                                           By:  */s/ DAVID TORRES*
                                                       TIMOTHY HENNESSY
                                                       DAVID TORRES
                                                       Counsel for Defendant
                                                       Charles Barrett

PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:22-CR-00213-JAM |
| Plaintiff, | STIPULATION OF EXPECTED TESTIMONY |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

The parties hereby agree and stipulate that if called to testify as a witness, Dr. Brittany Vargas would testify as follows:

1. I am a doctor in the Emergency Room (ER) at Mammoth Hospital in Mammoth, California. On January 5, 2022, I was on duty in the ER.

2. At approximately 1200 hours on the evening of January 5, 2022, Mr. Charles Barrett self-reported to the ER at Mammoth Hospital. He was admitted in the ER that night. A nurse in the ER spoke to him during intake. I was notified by the nurse that Mr. Barrett had homicidal and suicidal thoughts. I went into the ER room and told Mr. Barrett that the nurse made me aware of why Mr. Barrett was reporting, and asked Mr. Barrett to tell me what was going on.

3. Mr. Barrett responded that a woman named Ms. Stephanie Forte was "ruining his life" and that if he was released from the hospital he would drive to Las Vegas, where Ms. Forte lived, so he could "kill her." He also stated that he knew people in Las Vegas who would kill her

1

for him if he was not released from the hospital. He did not ask me to relay these threats to Ms. Forte.

4. I believed Mr. Barrett's threats to Ms. Forte were credible, so I called law enforcement to report his homicidal statements.

5. The parties further stipulate that this stipulation can be read and received into evidence.


IT IS SO STIPULATED

Dated:  February 7, 2024                        PHILLIP A. TALBERT
                                                United States Attorney


                                                */s/ ARIN C. HEINZ*
                                       By:  */s/ MICHAEL G. TIERNEY*
                                                ARIN C. HEINZ
                                                MICHAEL G. TIERNEY
                                                Assistant United States
                                                Attorneys


Dated:  February 7, 2024                        */s/ TIMOTHY HENNESSY*
                                       By:  */s/ DAVID TORRES*
                                                TIMOTHY HENNESSY
                                                DAVID TORRES
                                                Counsel for Defendant
                                                Charles Barrett

PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:22-CR-00213-ADA |
| Plaintiff, | STIPULATION OF FACT REGARDING METEOR SHOWER IN YOSEMITE NATIONAL PARK |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

The parties hereby agree and stipulate as follows:

1. On August 13, 2016, there was a meteor shower called the Perseids meteor shower, which occurs every year in August when the Earth passes through the comet Swift-Tuttle.  The Perseids meteor shower was one the most prominent meteor showers visible in North America in 2016.  The Perseids meteor shower peaked approximately August 12, 2016.

2. This meteor shower was visible in Yosemite National Park on August 13, 2016, particularly because Yosemite National Park does not have bright city lights.

3. The parties further stipulate that this stipulation can be read into evidence.

///

///

///

///

1

2          IT IS SO STIPULATED

3   Dated:  January 19, 2024                    PHILLIP A. TALBERT
                                                United States Attorney
4

5                                               /s/ ARIN C. HEINZ
                                         By:    /s/ MICHAEL G. TIERNEY
6                                               ARIN C. HEINZ
                                                MICHAEL G. TIERNEY
7                                               Assistant United States
                                                Attorneys
8

9   Dated:  January 19, 2024                    /s/ TIMOTHY HENNESSY
                                         By:    /s/ DAVID TORRES
10                                              TIMOTHY HENNESSY
                                                DAVID TORRES
11                                              Counsel for Defendant
                                                Charles Barrett
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:22-CR-00213-ADA |
| Plaintiff, | STIPULATION OF FACT |
| v. | |
| CHARLES BARRETT, | |
| Defendant. | |

The parties hereby agree and stipulate as follows:

1.      Tuolumne Meadows is located within Yosemite National Park. Tuolumne Meadows includes the employee housing area south of the Tuolumne Meadows Grill, the areas of meadows and woods north of the Tuolumne Meadows Grill, and the portions of the Tuolumne River and its banks located within the area.

2.      Tuolumne Meadows is in the special maritime and territorial jurisdiction of the United States.

The parties further agree that this stipulation can be read into evidence.

IT IS SO STIPULATED

Dated:  June 8, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ARIN C. HEINZ
By:  /s/ MICHAEL G. TIERNEY
ARIN C. HEINZ
MICHAEL G. TIERNEY
Assistant United States
Attorneys

Dated: June 8, 2023

/s/ Timothy Hennessy
By:  /s/ David Torres
TIMOTHY HENNESSY
DAVID TORRES
Counsel for Defendant
Charles Barrett

2

JURY INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

(1)  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1  JURY INSTRUCTION NO. 8

2      Evidence may be direct or circumstantial.  Direct evidence is

3  direct proof of a fact, such as testimony by a witness about what

4  that witness personally saw or heard or did.  Circumstantial

5  evidence is indirect evidence, that is, it is proof of one or more

6  facts from which you can find another fact.

7      You are to consider both direct and circumstantial evidence.

8  Either can be used to prove any fact.  The law makes no distinction

9  between the weight to be given to either direct or circumstantial

10  evidence.  It is for you to decide how much weight to give to any

11  evidence.

JURY INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1)  The opportunity and ability of the witness to see or hear or know the things testified to;

(2)  The witness's memory;

(3)  The witness's manner while testifying;

(4)  The witness's interest in the outcome of the case, if any;

(5)  The witness's bias or prejudice, if any;

(6)  Whether other evidence contradicted the witness's testimony;

(7)  The reasonableness of the witness's testimony in light of all the evidence; and

(8)  Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

1  not to believe anything that witness said.  On the other hand, if

2  you think the witness testified untruthfully about some things but

3  told the truth about others, you may accept the part you think is

4  true and ignore the rest.

5      You must avoid bias, conscious or unconscious, based on a

6  witness's race, color, religious beliefs, national ancestry, sexual

7  orientation, gender identity, gender, or economic circumstances in

8  your determination of credibility.

9      The weight of the evidence as to a fact does not necessarily

10 depend on the number of witnesses who testify.  What is important

11 is how believable the witnesses were, and how much weight you think

12 their testimony deserves.

1   JURY INSTRUCTION NO. 10

2      You have heard testimony that the defendant may have committed

3   a similar offense of sexual assault.

4      You may use this evidence to decide whether the defendant

5   committed the act charged in the indictment. You may not convict

6   the defendant simply because he may have committed other unlawful

7   acts. You may give this evidence such weight as you think it should

8   receive or no weight.

JURY INSTRUCTION NO. 11

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

JURY INSTRUCTION NO. 12

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

JURY INSTRUCTION NO. 13

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1  JURY INSTRUCTION NO. 14

2      The indictment charges that the offense alleged was committed
3  "on or about" a certain date.

4      Although it is necessary for the government to prove beyond a
5  reasonable doubt that the offense was committed on a date
6  reasonably near the date alleged in the indictment, it is not
7  necessary for the government to prove that the offense was
8  committed precisely on the date charged.

JURY INSTRUCTION NO. 15

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

1  JURY INSTRUCTION NO. 16

2      The defendant is charged in Counts One and Three of the

3  indictment with aggravated sexual abuse in violation of Section

4  2241(a) of Title 18 of the United States Code.  For the defendant

5  to be found guilty of that charge, the government must prove each

6  of the following elements beyond a reasonable doubt:

7      First, the defendant knowingly used force to cause Katrin

8  Gentry to engage in a sexual act; and

9      Second, the offense was committed in Yosemite National Park.

10     In this case, "sexual act" means contact between the penis and

11  the vulva or the penis and the anus.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 17

The defendant is charged in Count Two of the indictment with abusive sexual contact in violation of Section 2244(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly had sexual contact with Katrin Gentry;

Second, the sexual contact was without Katrin Gentry's permission; and

Third, the offense was committed in Yosemite National Park.

In this case, "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  In this case the government must prove that the Defendant caused penetration of Katrin Gentry's genital opening with his finger.

JURY INSTRUCTION NO. 18

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

JURY INSTRUCTION NO. 19

Evidence has been admitted that the defendant may have been intoxicated at the time that the crimes charged were committed. Intoxication can result from being under the influence of alcohol.

You may consider evidence of the defendant's intoxication in deciding whether the government has proven beyond a reasonable doubt that the defendant acted with the required intent to commit the crime charged in Count 2.

JURY INSTRUCTION NO. 20

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

JURY INSTRUCTION NO. 21

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could

23

1  result that would require the entire trial process to start

2  over.  If any juror is exposed to any outside information, please

3  notify the court immediately.

1   JURY INSTRUCTION NO. 22

2       Some of you have taken notes during the trial.  Whether or not

3   you took notes, you should rely on your own memory of what was

4   said.  Notes are only to assist your memory.  You should not be

5   overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION NO. 23

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

JURY INSTRUCTION NO. 24

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or court security officer that you are ready to return to the courtroom.

1  JURY INSTRUCTION NO. 25

2      If it becomes necessary during your deliberations to

3  communicate with me, you may send a note through the clerk or court

4  security officer, signed by any one or more of you.  No member of

5  the jury should ever attempt to communicate with me except by a

6  signed writing, and I will respond to the jury concerning the case

7  only in writing or here in open court.  If you send out a question,

8  I will consult with the lawyers before answering it, which may take

9  some time.  You may continue your deliberations while waiting for

10 the answer to any question.  Remember that you are not to tell

11 anyone—including me—how the jury stands, numerically or otherwise,

12 on any question submitted to you, including the question of the

13 guilt of the defendant, until after you have reached a unanimous

14 verdict or have been discharged.

15

16

17

18

19

20

21

22

23

24

25

26

27

28