UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES BARRETT,<br><br>    Defendant. | No. **1:22-cr-00213-JAM-BAM-1**<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL** |

On February 11, 2024, Defendant filed a Motion for Judgment of Acquittal as to Count 3 of the Indictment, pursuant to Federal Rules of Civil Procedure Rule 29(a). Motion, ECF No. 226. Count 3 of the Indictment charges Defendant with a violation of 18 U.S.C. § 2241(a)(1), aggravated sexual abuse, and states Defendant "did knowingly cause K.G. to engage in sexual acts, specifically, contact between the penis and the vulva, by using force against K.G." Id. Defendant argues the evidence presented at trial does not support a finding that Defendant penetrated K.G.'s vagina, nor that he came into contact with it. Motion at 4.

///

1

The Government filed an opposition on February 12, 2024. Opp'n., ECF No. 228. The Government argues that even if the proof at trial established only anal penetration, proof of anal penetration instead of vaginal penetration does not constitute an unlawful constructive amendment of the indictment. Id. at 7. The Court agrees.

A constructive amendment of an indictment occurs when (1) "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," or (2) "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Adamson, 291 F.3d 606, 615 (9th Cir. 2002) (citing United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir. 1984)). If, however, at trial there is one set of facts with a single divergence from the indictment, instead of a complex of facts distinctly different from the indictment, even if that single divergence is materially different, it is generally found to be a variance rather than an amendment of the indictment. Id. Only if the variance affects a defendant's substantial rights will it constitute reversible error. Schiro v. Farwell, 225 F. App'x 591, 594 (9th Cir. 2007).

Here, "the government's evidence and arguments at trial covered the same general facts and time frames alleged in the [Indictment]." Id. The only material difference between the Indictment and evidence presented at trial was whether Defendant penetrated K.G. vaginally or anally. This difference did not affect Defendant's defense, as Defendant's defense centered on

whether there was consent, not the manner of penetration.  The Defendant "could anticipate the evidence that would be presented at trial, and he conducted his defense appropriately."  Id. (citing United States v. Antonakeas, 255 F.3d 714, 722 (9th Cir. 2001)).  Further, whether Defendant penetrated K.G. vaginally or anally is irrelevant to a conviction under 18 U.S.C. § 2241(a)(1).  United States v. Von Stoll, 726 F.2d 584, 587 (9th Cir. 1984).

The Court finds the inconsistency in the Indictment and the evidence presented at trial does not affect any substantial rights of the Defendant.  Id.  There was adequate evidence presented at trial to support the jury's verdict in Count 3 for aggravated sexual abuse.  The Court denies Defendant's Motion.

ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Judgment of Acquittal.

IT IS SO ORDERED.

Dated: February 16, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE